686 So.2d 248 (1996)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Dorothy R. JEFFERS and Keith Jeffers.
1951641.
Supreme Court of Alabama.
December 13, 1996.
Joel W. Ramsey of Ramsey, Baxley & McDougle, Dothan, for Plaintiff.
Benjamin E. Meredith, Dothan, for Defendants.
MADDOX, Justice.
The United States District Court for the Middle District of Alabama has certified to this Court the following question:
"Whether a vehicle covered under a liability insurance policy may be deemed an `uninsured motor vehicle' under the Alabama uninsured motorist statute, specifically Alabama Code [1975], Section 32-7-23, when the claim of the insured covered under the policy providing the uninsured benefits is barred against the other insured party involved in the accident because the other party, even if at fault, is protected from liability by substantive immunity."
The facts, as stipulated by the parties and submitted by the district court, are as follows:
"[Dorothy R. Jeffers and Keith Jeffers] are the named insureds under two policies of automobile liability insurance issued by State Farm Automobile Insurance Company (`State Farm'). Each policy provides uninsured motorist coverage ... in the amount of one hundred thousand dollars ($100,000) per person up to a total of three hundred thousand dollars ($300,000) per accident.
"On June 27, 1992, Dorothy R. Jeffers, driving alone in her vehicle insured by State Farm, was involved in an automobile accident in Houston County, Alabama, with Randall Anderson, a Houston County sheriff's deputy. Deputy Anderson was responding to a call for assistance by another officer. Liability for the accident is disputed and has not been legally determined.
"Deputy Anderson's vehicle was insured under a policy of liability insurance issued by USF & G which provided coverage of five hundred thousand dollars ($500,000) per accident.
"On June 21, 1993, the Jefferses filed suit against Randall Anderson, the Houston County Sheriff's Department, the *249 Houston County Commission, and 131 fictitious parties (`Defendants') in the Circuit Court of Houston County, Alabama, Civil Action CV 93-424-J. The Defendants filed a motion for summary judgment. The Circuit Court of Houston County granted summary judgment for all Defendants, holding that the Defendants enjoyed substantive immunity. The Alabama Supreme Court affirmed the decision without opinion on February 24, 1995. [Jeffers v. Houston County Sheriff's Dep't, 668 So.2d 576 (Ala.1995) (table).]
"Because the Defendants escaped liability under substantive immunity, the Jefferses demanded uninsured motorist benefits from State Farm. The Jefferses contend that, because the Defendants are immune from liability, [the defendants'] liability insurance cannot be reached even if [the defendants] were at fault and, therefore, the Jefferses are entitled to uninsured motorist benefits, assuming they can prove fault on the part of the other driver.
"On July 28, 1995, State Farm filed a Declaratory Judgment action in the United States District Court for the Middle District of Alabama asking the court to declare that State Farm did not have exposure under the uninsured motorist coverage of the insurance policies, and subsequently filed a motion for summary judgment. On September 6, 1995, State Farm removed to [the Middle District] an action filed against it by the Jefferses in the Circuit Court of Houston County seeking uninsured motorist benefits. That case (95-A-1163-S) was consolidated with this one."
We must determine whether, under § 32-7-23(b), Ala.Code 1975, an insured motorist can be deemed to be an "uninsured motorist" when the injured party's claim against the insured motorist is barred by the doctrine of substantive immunity. This appears to be a case of first impression before this Court.
The Jefferses contend that, under the holding in State Farm Automobile Insurance Co. v. Baldwin, 470 So.2d 1230 (Ala.1985), they should be allowed to recover under their uninsured motorist coverage with State Farm. In Baldwin, this Court addressed the question "whether an insured, who is precluded because of governmental immunity from suing the owner or negligent operator of an uninsured motor vehicle, is nevertheless `legally entitled to recover damages' under the Alabama Uninsured Motorist Act." 470 So.2d at 1231. The case involved a United States Army sergeant who was struck by an uninsured vehicle that was owned by the United States Government and that was being driven by a civilian Government employee. The sergeant's claim against the Government employee was barred by the doctrine of governmental immunity. This Court held that the sergeant was "legally entitled to recover damages" under his uninsured motorist coverage even though his claim against the negligent driver was barred by substantive immunity. The factor distinguishing this case from Baldwin is that in this case Deputy Anderson's vehicle was covered under an insurance policy.
State Farm contends that Deputy Anderson's automobile is not an "uninsured vehicle" within the meaning of the Act because the automobile was in fact covered under a liability policy. State Farm argues that the fact the Jefferses are barred from a recovery by the doctrine of substantive immunity should not affect the question whether Deputy Anderson's automobile is deemed to be an "uninsured vehicle" under the terms of the policy.
The question before us then is whether the Jefferses should be denied uninsured motorist benefits because Deputy Anderson's vehicle was in fact insured, even though the Jefferses cannot recover under the policy covering Deputy Anderson's vehicle because the insured under that policy is entitled to substantive immunity. To answer this question, we must examine the purpose behind the Uninsured Motorist Act, which this Court has held "is to provide coverage `for the protection of persons insured thereunder' against injury, including death, caused by the wrongful act of an uninsured motorist." Higgins v. Nationwide Mutual Insurance Co., 291 Ala. 462, 465, 282 So.2d 301, 303 (1973). In State Farm Fire & Casualty Co. v. Lambert, 291 Ala. 645, 649, 285 So.2d 917, *250 919 (1973), this Court stated that "[t]he design of the statute is to protect [an] injured [person] who can prove that the accident did in fact occur and that he was injured as a proximate result of the negligence of [another] motorist who cannot respond in damages for such injuries."
We conclude that the purpose of the Uninsured Motorist Act would be defeated if we did not hold, based on the facts and circumstances here presented, that Deputy Anderson was an "uninsured motorist." In the prior proceeding resulting in this Court's no-opinion affirmance in Jeffers v. Houston County Sheriff's Dep't, 668 So.2d 576 (Ala. 1995) (table), it was held that if Deputy Anderson was negligent he could not legally be required to pay for the injuries inflicted on the Jefferses because he is protected by the doctrine of substantive immunity; consequently, the Jefferses cannot recover against Deputy Anderson or against USF & G, his automobile liability insurance carrier. Because of the application of the doctrine of substantive immunity, Deputy Anderson, in effect, was not insured. After considering the purpose of the Uninsured Motorist Act, we conclude that that purpose would be defeated if we held that Deputy Anderson's vehicle was not an "uninsured motor vehicle" under § 32-7-23, Ala.Code 1975.
CERTIFIED QUESTION ANSWERED.
HOOPER, C.J., and ALMON, SHORES, KENNEDY, COOK, and BUTTS, JJ., concur.
HOUSTON, J., dissents.
HOUSTON, Justice (dissenting).
Was the vehicle that Deputy Sheriff Anderson was operating at the time of the accident made the basis of the underlying action an "uninsured motor vehicle"? No. It is stipulated that this vehicle was insured for bodily injury liability in an amount in excess of that required by the Alabama Motor Vehicle Safety Responsibility Act.
Alabama Acts 1965, Act No. 866; Section 32-7-23 (before it was amended in 1984); Ala. Acts 1984, Act No. 84-301; and § 32-7-23 as it read after amendment, all address "uninsured motor vehicles," not "uninsured motorist" (a term used by the Michie Company in its version of our Alabama Code of 1975 as a heading for § 32-7-23. That heading has no legal significance. See Ala.Code 1975, § 1-1-14).
The mere fact that a vehicle insured for bodily injury liability is operated by someone who is immune from liability while operating that vehicle cannot make the vehicle an "uninsured motor vehicle." The certified question in State Farm Automobile Insurance Co. v. Baldwin, 470 So.2d 1230 (Ala. 1985), involved an uninsured motor vehicle. 470 So.2d at 1231, 1234. The question presented in this case does not.