730 So.2d 1157 (1998)
Allison D. HOGAN and Joseph D. Hogan, Jr.
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
1970775.
Supreme Court of Alabama.
September 4, 1998.
Rehearing Stricken October 16, 1998.
Belinda M. Kimble, Birmingham; and Samuel L. Masdon of Masdon & Masdon, Haleyville, for plaintiffs.
Ronald G. Davenport and William H. Webster of Rushton, Stakely, Johnston & Garrett, Montgomery, for defendant.
MADDOX, Justice.
The United States District Court for the Middle District of Alabama, acting pursuant to Rule 18, Ala.R.App.P., has certified to this Court the following question:
"Is an automobile covered under a liability insurance policy considered an `uninsured motor vehicle' under the Alabama Uninsured Motorist Act, 1975 Ala.Code, § 32-7-23, for the purpose of the passenger in the same automobile recovering from her own separate uninsured motorist coverage when she is barred from recovering in negligence from the liability policy covering the driver of the automobile because of the Alabama Guest Statute, 1975 Ala.Code, § 32-1-2?"
The facts, as submitted by the district court, are as follows:
"On December 20, 1995, [Allison D. Hogan and her husband Joseph D. Hogan, Jr.] had in full force and effect an automobile policy with State Farm [Mutual Automobile Insurance Company]. The policy included coverage for losses caused by an uninsured or underinsured motorist up to $100,000 per person and $300,000 per accident. On [that] date, Allison Hogan was involved in an automobile accident. In that accident, she was the passenger in an automobile driven by Sandra T. Brunson. Brunson attempted to cross traffic on Perry Hill Road in Montgomery, Alabama, when her automobile was struck by an oncoming [vehicle driven by] Thomas J. Wool. In this accident, Allison Hogan suffered multiple injuries, including tissue injuries, bruises, abrasions, and a fractured pelvis. The Hogans allege that Brunson's negligence caused the accident. There is no allegation that Brunson was engaged in `willful or wanton misconduct.'

*1158 "At the time of the accident, Brunson also had in full force and effect an automobile insurance policy with State Farm. Her policy included liability coverage of $25,000 per person and $50,000 per accident. Brunson, and thus the automobile she was driving, [were], therefore, carrying insurance at the time of the accident. The Hogans are prohibited, however, from recovering from Brunson's liability insurance coverage because of the Alabama Guest Statute, 1975 Ala.Code, § 32-1-2. The Guest Statute provides that the owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for injuries to a guest unless such injuries are caused by the `willful or wanton misconduct of such operator, owner or person responsible for operation of said motor vehicle.' Allison Hogan qualifies as a guest in Brunson's automobile.
"On December 1, 1997, the Hogans filed the instant lawsuit against State Farm, claiming that State Farm breached the uninsured motorist provisions in its insurance contract with them by denying coverage for the accident. The Hogans contend that while Brunson was, in fact, insured, she was uninsured for purposes of the Alabama Uninsured Motorist Act, 1975 Ala.Code, § 32-7-23(b), because the Hogans are prohibited by the Alabama Guest Statute from suing her for negligence. See State Farm Mut. Auto. Ins. Co. v. Jeffers, 686 So.2d 248 (Ala.1996) (an accident victim could recover on her uninsured motorist coverage because the responsible police officer, albeit insured for damages, was immune from suit). State Farm has responded with a motion to dismiss, contending that coverage is not available under the policy because, under the Alabama Uninsured Motorist Act, Brunson was an insured motorist at the time of the accident."
(Emphasis in the original.)
The certified question presented to us requires an interpretation of two Alabama statutes, viz.: the so-called Alabama Guest Statute, § 32-1-2, Ala.Code 1975, and the Uninsured Motorist Statute, § 32-7-23, Ala. Code 1975. The Guest Statute provides:
"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."
§ 32-1-2, Ala.Code 1975. The Uninsured Motorist Statute provides that automobile insurance policies issued in this state shall cover "persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of" injury. § 32-7-23(a), Ala. Code 1975.
The basic question we are asked to answer is whether the Hogans can recover under the terms of their uninsured motorist policy even though they cannot recover from the alleged tortfeasor because the tortfeasor is immune from liability through the operation of the Guest Statute. The Hogans claim that the fact that the Guest Statute immunizes the tortfeasor does not affect their right to recover uninsured motorist benefits. They cite this Court's decision in State Farm Mut. Auto. Ins. Co. v. Jeffers, 686 So.2d 248 (Ala.1996), in support of their argument that the alleged tortfeasor, Brunson, should be deemed "uninsured." We agree with their argument.
In Jeffers, which also involved a certified question from a federal court, a collision occurred between an automobile driven by the plaintiff, Mrs. Jeffers, and an automobile driven by a Houston County sheriff's deputy. This Court held that "[b]ecause of the application of the doctrine of substantive immunity, Deputy Anderson, in effect, was not insured." 686 So.2d at 250. In Jeffers, the deputy's vehicle was covered by an insurance policy, as the alleged tortfeasor's vehicle is in this case. Except for the fact that the Jeffers case involved an application of the doctrine of substantive immunity and this case involves an application of the Guest Statute, we believe that these cases are so similar *1159 that the same principle of law that was applied in Jeffers should be applied in this case.
The decision in Jeffers was based in large part on this Court's interpretation of the Uninsured Motorist Statute in State Farm Auto. Ins. Co. v. Baldwin, 470 So.2d 1230 (Ala.1985). In Baldwin, this Court held that an insured who was precluded from suing the owner or the operator of an uninsured motor vehicle was nevertheless "legally entitled to recover damages" under the Uninsured Motorist Statute.
State Farm argues that Jeffers and Baldwin should not control this case, arguing that "[u]nlike the plaintiffs in those two cases, Mrs. Hogan is not barred from recovery." State Farm contends that she "simply has a higher burden to meet than that of ordinary negligence." We cannot accept that distinction. As we view our holding in Jeffers, it was based on an interpretation of the intent of the Legislature in adopting the Uninsured Motorist Statute. In Jeffers, the fact that the plaintiff could not sue the tortfeasor because of the doctrine of substantive immunity did not affect the plaintiffs legal right to recover damages. In response to State Farm's argument that this case is distinguishable on the basis that the plaintiffs here "simply [have] a higher burden to meet," we note that the Court of Appeals, in McDonald v. Amason, 39 Ala.App. 492, 104 So.2d 716 (1958), held that "the very wording of the [Guest Statute] ..., shows that its purpose is only to preclude recovery under degrees of fault rising only to the level of negligence." 39 Ala.App. at 494-95, 104 So.2d at 718 (emphasis added). We agree with the plaintiffs that the reasoning this Court used in Jeffers and Baldwin controls here.[1]
We answer the question in the affirmative. The passenger, even though she may be precluded from suing the owner or the operator of the vehicle in which she was a passenger, because of the provisions of the guest statute, may nevertheless be "legally entitled to recover damages" under the Uninsured Motorist Statute.
CERTIFIED QUESTION ANSWERED.
HOOPER, C.J., and SHORES, KENNEDY, and COOK, JJ., concur.
SEE and LYONS, JJ., dissent.
LYONS, Justice (dissenting).
I respectfully dissent because I consider the holdings of State Farm Auto. Ins. Co. v. Baldwin, 470 So.2d 1230 (Ala.1985), and State Farm Mut. Auto. Ins. Co. v. Jeffers, 686 So.2d 248 (Ala.1996), to misapply the rather plain limitation in § 32-7-23(a), Ala. Code 1975. The statute requires coverage for persons carrying uninsured motorist insurance when such persons are "legally entitled to recover damages from owners or operators of uninsured motor vehicles." Id. I believe that whether an insured is "legally entitled to recover" depends entirely on the merits of the insured's claim against a tortfeasor under the laws of the state. However, today's decision, like Baldwin and Jeffers, has construed that phrase to mean "legally entitled to recover but for a defense that does not arise out of any wrongful conduct of the insured," a defense such as immunity or an insured's status as a guest.
Under the majority's expansive rationale, an employee/ passenger in a company-owned automobile who is precluded, by § 25-5-11, Ala.Code 1975, from recovering against a fellow employee/ driver for negligence or *1160 wanton misconduct would be entitled to payment under his or her uninsured motorist coverage.[2] The expansive interpretation the majority reiterates today, which is not in harmony with the law of other states,[3] has not provoked any amendments to the Uninsured Motorist Statute, § 32-7-23(a), since the Baldwin decision. I cannot equate the legislature's inaction with approval of the Court's treatment in prior cases of the phrase "legally entitled to recover damages from owners or operators of uninsured motor vehicles."[4]
The public, not the insurer, ultimately will bear the cost, through increased insurance premiums, of today's decision to require expanded uninsured motorist coverage. Expanded coverage is appropriate when the policyholder and the insurer contract for it or when the legislature requires it. But, such coverage should not be imposed by a court through an expansive interpretation of clear statutory language.
SEE, J., concurs.
Note from the reporter of decisions: On October 16, 1998, the Supreme Court entered an order stating: "The application for rehearing filed in this cause is stricken." The order cited Burnham Shoes, Inc. v. West American Insurance Co., 504 So.2d 238, 242 (Ala.1987). Chief Justice Hooper and Justices Shores, Houston, Kennedy, and Cook concurred. Justices Maddox, See, and Lyons dissented. Justice Maddox issued the following opinion:
MADDOX, Justice (dissenting).
I respectfully dissent from the per curiam order striking the application for rehearing. It is my opinion that such applications can and should be addressed by this Court on their merits. See Roe v. Mobile County Appointment Board, 676 So.2d 1206, 1264 (Ala.1995) (Maddox, J., dissenting on application for rehearing). In dissenting from the order striking the application, I should not be understood as expressing any opinion on the merits of the arguments raised in the application.
SEE and LYONS, JJ., concur.
NOTES
[1] We note that, Jeffers was decided on December 13, 1996, and that Baldwin was decided on May 10, 1985. The Legislature has convened many times since this Court interpreted the uninsured motorist statute in Baldwin, and the Legislature has also met twice since this Court released its decision in Jeffers. We can assume that the Legislature has been aware of the interpretation this Court made of the uninsured motorist statute in those cases. Cf. Jones v. Conradi, 673 So.2d 389 (Ala.1995) ("when the legislature readopts a [Code] section, or incorporates it into a subsequent [Code,] prior decisions of this court permeate the statute, and it is presumed that the legislature ... adopted the statute with knowledge of this court's interpretation"), quoting Edgehill Corp. v. Hutchens, 282 Ala. 492, 495-96, 213 So.2d 225, 227-28 (1968). Although it has not chosen to do so in the years since Baldwin, the Legislature, of course, has the prerogative to change the statute so as to avoid the interpretation adopted by this Court in Baldwin, Jeffers, and this case. If the interpretation we make is inconsistent with the legislative intent, the Legislature is free to correct that inconsistency through legislation.
[2] The "exclusivity" provisions of the Workers' Compensation Statute bar an injured worker from suing a coworker unless the coworker caused the injury by willful conduct. § 25-5-11, Ala.Code 1975.
[3] See, e.g., Sayan v. United Services Auto. Ass'n, 43 Wash.App. 148, 716 P.2d 895, review denied, 106 Wash.2d 1009 (table) (1986); Byrn v. American Universal Ins. Co., 548 S.W.2d 186 (Mo.Ct. App.1977). For further discussion, see 7 Am. Jur.2d Automobile Insurance § 297 (1980) and 9 Lee R. Russ, Couch on Insurance 3d §§ 123:18, 123:20 (1997), and cases cited therein.
[4] For legislative inaction to constitute approval of a court interpretation, the legislature must have amended or reenacted the statute after the court's interpretation, without changing the part that had been interpreted. State, Dep't of Revenue of Jefferson County v. Alabama Leasing Co., 336 So.2d 1353, 1356 (Ala.1976).