This Court granted certiorari review in this case to consider an issue of first impression involving Alabama's uninsured-motorist statute. The question presented is whether an employee, injured in a motor-vehicle accident while acting in the scope of his employment, who is barred by the exclusivity-of-remedy provision in the Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975, from suing a co-employee based on negligence, is entitled to uninsured-motorist benefits under his mother's liability automobile insurance policy.
 I.
In October 1998, Nicholas Shane Carlton was injured in a motor-vehicle accident while acting within the scope of his employment with Montgomery Landscaping Contractors, Inc. Carlton was a passenger in a vehicle owned by his employer and driven by a co-employee. The co-employee driver negligently turned in front of an oncoming vehicle. Carlton received workers' compensation benefits from his employer for his injuries. He also sought benefits under an automobile insurance policy his mother had with State Farm Mutual Automobile Insurance Company that included Carlton as an insured and that provided uninsured-motorist coverage.
State Farm refused to pay the benefits and filed an action seeking a declaration of the parties' rights under the policy. Before he was served with State Farm's action, Carlton sued State Farm to collect uninsured-motorist benefits under his mother's policy. In State Farm's action, Carlton answered and counterclaimed for the proceeds due under the policy. The two cases were consolidated, and the parties stipulated to the facts. Each party moved for a summary judgment and filed a supporting brief.
State Farm took the position that Carlton cannot fulfill the condition precedent to recovery of uninsured-motorist benefits — that he be "legally entitled to recover" from the negligent driver — because, State Farm says, Carlton is barred by the exclusivity-of-remedy and co-employee-immunity provisions of the Workers' Compensation Act from suing a co-employee based on negligence. See §§ 25-5-52, 25-5-53, and25-5-11, Ala. Code 1975.
The circuit court disagreed; it entered a judgment in favor of Carlton and awarded him $50,000 — the limits of his mother's uninsured-motorist coverage under her automobile insurance policy with State Farm. State Farm appealed.
The Court of Civil Appeals reversed the trial court's judgment and remanded the case to the trial court. State Farm Mut. Auto. Ins. Co. v.Carlton, 867 So.2d 320 (Ala.Civ.App. 2001). This Court granted Carlton's petition for a writ of certiorari. Having considered the applicable statutes and reviewed existing caselaw, we affirm.
 II.
State Farm and Carlton agree that this case presents an issue of first impression *Page 334 
in this state: whether an employee, who is barred by the Workers' Compensation Act from suing a co-employee based on negligence, is entitled to uninsured-motorist benefits under his family's automobile liability insurance policy even though he is entitled to, and in fact has received, workers' compensation benefits. The facts were stipulated to at the trial court level; therefore, the issue on appeal is strictly a question of law. Where the evidence is stipulated and no testimony is presented orally in the trial court, this Court indulges no presumption of correctness in the trial court's judgment. See Sevigny v. New South Fed.Sav. Loan Ass'n, 586 So.2d 884, 886 (Ala. 1991); Epps Aircraft,Inc. v. Montgomery Airport Auth., 570 So.2d 625, 629 (Ala. 1990).
 III.
State Farm urges that the issue can be resolved simply by looking at the plain and unambiguous language of the uninsured-motorist statute, Ala. Code 1975, § 32-7-23, and the State Farm automobile insurance policy, both of which, it asserts, require that an insured be legally entitled to recover against the negligent party in order for the insured to be entitled to uninsured-motorist benefits.
The uninsured-motorist statute provides, in pertinent part:
 "No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered . . . unless coverage is provided . . . for bodily injury or death . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. . . ."
Ala. Code 1975, § 32-7-23. The State Farm policy echoes the language of the uninsured-motorist statute, providing that State Farm "will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured vehicle." The issue then, according to State Farm, is whether Carlton was legally entitled to recover damages from his co-employee.
This Court has held that "legally entitled to recover" means that "`the insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages and must be able to prove theextent of those damages.'" LeFevre v. Westberry, 590 So.2d 154, 157 (Ala. 1991) (quoting Quick v. State Farm Mut. Auto. Ins. Co., 429 So.2d 1033,1035 (Ala. 1983)). As the Court of Civil Appeals stated in State FarmMutual Automobile Insurance Co. v. Griffin, 51 Ala. App. 428, 431,286 So.2d 302, 306 (1973):
 "[T]he insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages, and must be able to prove the extent of those damages. In a direct action by the insured against the insurer, the insured has the burden of proving in this regard that the other motorist was uninsured, legally liable for damage to the insured, and the amount of this liability."
State Farm argues that Carlton cannot carry his burden of proof because he cannot prove that his co-employee is legally liable to him for damages. It points out that § 25-5-53, Ala. Code 1975, provides that the Workers' Compensation Act is the exclusive remedy for injuries sustained by an employee in an on-the-job injury. Section 25-5-53
provides, in pertinent part:
 "The rights and remedies granted in this chapter to an employee shall *Page 335 exclude all other rights and remedies of the employee . . . at common law, by statute, or otherwise on account of injury, loss of services, or death. . . ."
(Emphasis added.)
Carlton counters by arguing that a line of cases developed over a 15-year period establishes that the vehicle driven by the co-employee was an "uninsured motor vehicle" under the uninsured-motorist statute and that the co-employee was an operator against whom Carlton was entitled to recover. He cites Hogan v. State Farm Mutual Automobile Insurance Co.,730 So.2d 1157 (Ala. 1998); State Farm Mutual Automobile Insurance Co.v. Jeffers, 686 So.2d 248 (Ala. 1996); and State Farm AutomobileInsurance Co. v. Baldwin, 470 So.2d 1230 (Ala. 1985). A review of the development of that line of cases is helpful at this point.
In Baldwin, the Feres[1] doctrine precluded the insured, a member of the armed forces, from maintaining a tort action against the government for injuries sustained when the insured was involved in a collision with a government vehicle being operated by a civil employee of the United States government. The Court held that this did not preclude recovery under the uninsured-motorist provisions of the Baldwins' automobile insurance policy. It stated:
 "[I]t is in keeping with the intent of the uninsured motorist statute and with our principles of statutory construction to hold that the Baldwins are `legally entitled to recover damages' against White and the Government, within the meaning of § 32-7-23, regardless of the fact that David Baldwin is otherwise prohibited from such recover by the Feres doctrine. Therefore, they are entitled to recover under their policy with State Farm."
470 So.2d at 1234.
In Jeffers, the United States District Court for the Middle District of Alabama certified to this Court a question arising out of a collision between an automobile driven by the plaintiff Jeffers and an automobile driven by a Houston County sheriff's deputy. The issue was whether a vehicle covered under an insurance policy could be an "uninsured vehicle," when the claim is barred because the other party involved in the accident is protected from liability by substantive immunity. The Court held that "[b]ecause of the application of the doctrine of substantive immunity, Deputy Anderson, in effect, was not insured," 686 So.2d at 250. The Court thus allowed the action in the federal court to proceed against Jeffers's insurance carrier for uninsured-motorist coverage.
In Hogan, the Court addressed another question certified by the United States District Court for the Middle District of Alabama — whether uninsured-motorist coverage applied where the tortfeasor was the driver of the vehicle and the injured party was the guest passenger. Alabama's guest statute, § 32-1-2, Ala. Code 1975, prohibited any recovery by the passenger from the driver based on the driver's negligence. InHogan, the insurer argued that the passenger was not barred from recovery, he merely had a higher standard to meet because the guest statute allows recovery for willful or wanton misconduct. However, the Court could not "accept that distinction." 730 So.2d at 1159. The Court followed Baldwin and Jeffers and held that the passenger could recover under her uninsured-motorist coverage. Carlton urges us to follow the rationale adopted in Baldwin, Jeffers, and Hogan, *Page 336 
and to find State Farm liable for the uninsured-motorist benefits in spite of the plain language of the policy and of the Workers' Compensation Act.
State Farm argued to the Court of Civil Appeals that the instant case is distinguishable from Baldwin, Jeffers, and Hogan, because this case involves workers' compensation benefits and the exclusivity-of-remedy provision in the Workers' Compensation Act and because the insured has received compensation for his injuries. It urged that court, if it found the cases indistinguishable, to revisit the earlier decisions and overrule them. The Court of Civil Appeals in its opinion correctly observed that it had no authority to overrule decisions of the Alabama Supreme Court; it held:
 "We conclude that the fact that Carlton had received workers' compensation benefits for his injuries does distinguish this case from [State Farm Auto Ins. Co. v.] Baldwin, [470 So.2d 1230 (Ala. 1985)], [State Farm Mut. Auto Ins. Co. v.] Jeffers, [686 So.2d 248 (Ala. 1996)], and Hogan [v. State Farm Mut. Auto Ins. Co., [730 So.2d 1157 (Ala. 1998), overruled on other grounds, Williamson v. Indianapolis Life Insurance Co., 741 So.2d 1057 (Ala. 1999)]. . . .
 "The judgment of the Montgomery Circuit Court is reversed . . . ."
Carlton, 867 So.2d at 328. The Court of Civil Appeals additionally requested that this Court revisit the decisions in Baldwin, Jeffers, andHogan. We do so at this time. Because we do not follow the rationale used by the Court of Civil Appeals in which it found the present case distinguishable from Baldwin, Jeffers, and Hogan, we do not address the parties' arguments on this issue.
Baldwin, Jeffers, and Hogan all carved out judicial exceptions to the legislative determination that an insured could recover uninsured-motorist benefits only when the insured was legally entitled to recover from the uninsured motorist. These were exceptions the Legislature could have provided for but did not see fit to do so.
Justice Houston called attention to the folly of judicially expanding the meaning of the unambiguous uninsured-motorist statute in his dissent in Jeffers, 686 So.2d at 250. He noted that the parties had stipulated that the vehicle the deputy sheriff was operating was insured for liability for bodily injury in an amount in excess of that required by the Alabama Motor Vehicle Safety Responsibility Act. He observed:
 "Alabama Acts 1965, Act No. 866; Section 32-7-23
(before it was amended in 1984); Ala. Acts 1984, Act No. 84-301; and § 32-7-23 as it read after amendment, all address `uninsured motor vehicles,' not `uninsured motorist' (a term used by the Michie Company in its version of our Alabama Code of 1975 as a heading for § 32-7-23. That heading has no legal significance. See Ala. Code 1975, § 1-1-14).
 "The mere fact that a vehicle insured for bodily injury liability is operated by someone who is immune from liability while operating that vehicle cannot make the vehicle an `uninsured motor vehicle.' The certified question in State Farm Automobile Insurance Co. v. Baldwin, 470 So.2d 1230 (Ala. 1985), involved an uninsured motor vehicle. 470 So.2d at 1231, 1234. The question presented in this case does not."
686 So.2d at 250 (Houston, J., dissenting). Justice Houston properly pointed out the nonsensical result of the case: a sheriff's department vehicle, which was undisputably insured, was transformed by judicial pronouncement into an "uninsured vehicle." *Page 337 
Justice Lyons further pointed to the problems created by this line of cases and predicted that a case such as this one would arise. In Hogan, he stated:
 "I respectfully dissent because I consider the holdings of State Farm Auto. Ins. Co. v. Baldwin, 470 So.2d 1230 (Ala. 1985), and State Farm Mut. Auto. Ins. Co. v. Jeffers, 686 So.2d 248 (Ala. 1996), to misapply the rather plain limitation in § 32-7-23(a), Ala. Code 1975. The statute requires coverage for persons carrying uninsured motorist insurance when such persons are `legally entitled to recover damages from owners or operators of uninsured motor vehicles.' Id. I believe that whether an insured is `legally entitled to recover' depends entirely on the merits of the insured's claim against a tortfeasor under the laws of the state. However, today's decision, like Baldwin and Jeffers, has construed that phrase to mean `legally entitled to recover but for a defense that does not arise out of any wrongful conduct of the insured,' a defense such as immunity or an insured's status as a guest.
 "Under the majority's expansive rationale, an employee/passenger in a company-owned automobile who is precluded, by § 24-5-11, Ala. Code 1975, from recovering against a fellow employee/driver for negligence or wanton misconduct would be entitled to payment under his or her uninsured motorist coverage. The expansive interpretation the majority reiterates today, which is not in harmony with the law of other states, has not provoked any amendments to the Uninsured Motorist Statute, § 32-7-23(a), since the Baldwin decision. I cannot equate the legislature's inaction with approval of the Court's treatment in prior cases of the phrase `legally entitled to recover damages from owners or operators of uninsured motor vehicles.'
 "The public, not the insurer, ultimately will bear the cost, through increased insurance premiums, of today's decision to require expanded uninsured motorist coverage. Expanded coverage is appropriate when the policyholder and the insurer contract for it or when the legislature requires it. But, such coverage should not be imposed by a court through an expansive interpretation of clear statutory language."
730 So.2d 1157 at 1159-60 (Lyons, J., dissenting, with an opinion in which See, J., concurred) (footnotes omitted).
Today we return to the point from which this Court never should have departed — the language of the statute. The language of the uninsured-motorist statute is plain and unambiguous:
 "No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered . . . unless coverage is provided . . . for bodily injury or death . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom . . . ."
Ala. Code 1975, § 32-7-23. This Court has often stated:
 "`"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."'" *Page 338 
DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275 (Ala. 1998) (quoting Blue Cross Blue Shield v. Nielsen, 714 So.2d 293, 296
(Ala. 1998), quoting in turn IMED Corp. v. Systems Eng'g Assocs. Corp.,602 So.2d 344, 346 (Ala. 1992)). No interpretation of the words of the uninsured-motorist statute is necessary. Furthermore, this Court is not at liberty to rewrite statutes or to substitute its judgment for that of the Legislature. Wal-Mart Stores, Inc. v. Patterson, 816 So.2d 1 (Ala. 2001); see also Omni Ins. Co. v. Foreman, 802 So.2d 195 (Ala. 2001).
Pursuant to the Alabama Workers' Compensation Act, Carlton may not recover from his co-employee for the co-employee's negligent or wanton conduct. The workers' compensation benefits Carlton received are his only remedy against his employer. § 25-5-11, Ala. Code 1975. Therefore, Carlton is not "legally entitled to recover damages from the owner or operator of an uninsured vehicle" as the plain language of § 32-7-23(a), Ala. Code 1975, or the clear and unambiguous provisions of his mother's State Farm policy require. Thus, he may not recover uninsured-motorist benefits under the policy.
To the extent that Baldwin, Jeffers, and Hogan authorize recovery under the uninsured-motorist provision of a policy despite the fact that the insured is "not legally entitled to recover damages from the owners or operators of an uninsured vehicle" as required by § 32-7-23(a), Ala. Code 1975, they are overruled. The judgment of the Alabama Court of Civil Appeals is affirmed.
AFFIRMED.
HOUSTON, SEE, LYONS, BROWN, and HARWOOD, JJ., concur.
MOORE, C.J., and JOHNSTONE and WOODALL, JJ., dissent.
[1] Feres v. United States, 340 U.S. 135 (1950).