25 So.3d 1157 (2009)
Willie M. ROSE and Robert W. Rose, Sr.
v.
SAFEWAY INSURANCE COMPANY OF ALABAMA, INC.
2070625.
Court of Civil Appeals of Alabama.
June 12, 2009.
William R. Davis and Charles M. Herrington of Davis & Herrington, L.L.C., Montgomery, for appellants.
Allen R. Trippeer, Jr., and Sandra Payne Hagood of Haskell, Slaughter Young & Rediker, LLC, Birmingham, for appellee.
PITTMAN, Judge.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(E), Ala. R.App. P.; Kendall v. United Servs. Auto. Ass'n, 23 So.3d 1119, 1123 (Ala.2009); and State Farm Mut. Auto. Ins. Co. v. Causey, 509 F.Supp.2d 1026, 1029-30 (M.D.Ala. 2007).
This appeal was transferred to this court by the Alabama Supreme Court pursuant to Ala.Code 1975, § 12-2-7(6).
BRYAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs specially.
THOMPSON, Presiding Judge, concurring specially.
The relevant facts in this case are identical to those in Kendall v. United States Automobile Ass'n, 23 So.3d 1119 (Ala. 2009), in which our supreme court held that, when a driver is injured in an accident in which a government entity is at fault, a driver's underinsured-motorist insurance carrier is not obligated to pay any amount of damages over the statutory maximum for which a government entity is legally liable, § 11-93-2, Ala.Code 1975, even though the evidence is undisputed that the damages incurred by the driver exceeded that statutory maximum. Because the relevant facts are identical, I agree that Kendall is dispositive of this case. However, I also agree with Chief Justice Cobb's special concurrence in Kendall. It is the job of the Alabama Legislature, not of the appellate courts, to revisit the uninsured/underinsured motorists statute, § 32-7-23, Ala.Code 1975, to clarify whether it intended outcomes such as the one in the present case.