SELLERS, Justice (dissenting).
I respectfully dissent. Section 32-7-23(a), Ala. Code 1975, mandates uninsured-motorist ("UM") insurance coverage for the protection of persons who are "legally entitled to recover damages" from owners or operators of uninsured motor vehicles; underinsured-motorist ("UIM") coverage, which is at issue here, is a subset of UM coverage. An insured is "legally entitled to recover" under his or her policy providing UM coverage only those damages the insured could legally recover in a direct action against the tortfeasor who harmed him or her. To be legally entitled to recover damages, a plaintiff must be able to "collect" damages from a defendant, not merely establish the defendant's liability for the harm. I view Ex parte Carlton, 867 So.2d 332 (Ala. 2003), and its progeny as controlling in this respect. In Ex parte Carlton, this Court explained:
"Pursuant to the Alabama Workers' Compensation Act, [an employee] may not recover from his co-employee for the co-employee's negligent or wanton conduct. The workers' compensation benefits [the employee] received are his only remedy against his employer. § 25-5-11, Ala. Code 1975. Therefore, [the employee] is not 'legally entitled to recover damages from the owner or operator of an uninsured vehicle' as the plain language of § 32-7-23(a), Ala. Code 1975, or the clear and unambiguous provisions of his mother's State Farm policy require.
*778 Thus, he may not recover uninsured-motorist benefits under the policy."
867 So.2d at 338. This Court emphasized in Ex parte Carlton that the language of § 32-7-23(a) was plain and unambiguous and that no judicial interpretation of the words of that statute was necessary. 867 So.2d at 338. Since Ex parte Carlton, this Court has consistently held that the insured may seek to recover UIM benefits from his insurer only if the insured is legally entitled to recover damages from the tortfeasor. See, e.g., Kendall v. United Servs. Auto. Ass'n, 23 So.3d 1119, 1120 (Ala. 2009) (holding that, because the insured had already recovered the statutory maximum of $100,000, she was no longer legally entitled to recover damages from the County or the tortfeasor and that, therefore, the insured could not recover UIM benefits from her insurer); and Continental Nat'l Indem. Co. v. Fields, 926 So.2d 1033 (Ala. 2005) (holding that because an unfiled tort claim does not survive the death of the injured person entitled to assert the claim, see § 6-5-462, Ala. Code 1975, the estate was not legally entitled to recover UM benefits). See also Singleton v. Burchfield, 362 F.Supp.2d 1291 (M.D. Ala. 2005) (holding that insured could not recover UM benefits under his policy where he could not recover against the tortfeasor who was entitled to absolute immunity under the Federal Tort Claims Act and had been dismissed from case).
In the specifics of this case, under the plain language of § 32-7-23(a), Hershel Eugene Easterling can seek UIM benefits against Progressive Specialty Insurance Company only if he was "legally entitled to recover damages" from Ashley McCartney. Because Hershel's ability to recover on any judgment in this case is foreclosed by McCartney's bankruptcy proceedings, he cannot, under this Court's controlling authority, seek UIM benefits against Progressive. Accordingly, I would affirm the summary judgment in favor of Progressive.