Continental National Indemnity Company and Progressive Specialty Insurance Company appeal by permission, pursuant to Rule 5, Ala.R.App.P., from the denial of a motion for a summary judgment they filed in an action brought by Betty Fields, as personal representative of the estate of Lisa Gale Tamms, deceased, to recover uninsured/underinsured-motorist ("UM") benefits. We reverse the order denying the summary judgment and remand the case.
 Facts
On May 14, 2001, Tamms was injured in an automobile accident when her vehicle was allegedly struck by a vehicle driven by Doyle Coultas, an uninsured motorist. In November 2002, Tamms died from a cause unrelated to the automobile accident. On May 14, 2003, Fields, as personal representative of Tamms's estate, sued Continental and Progressive to recover UM benefits for injuries Tamms sustained in the 2001 accident.[1] Tamms herself did not file an action based on the 2001 accident before she died.
At trial, Continental and Progressive filed a motion for a summary judgment on the ground that Tamms's tort cause of action against the uninsured motorist did not survive her death, and, thus, her estate could not establish that it was "legally entitled to recover" against Coultas as required by Alabama's uninsured-motorist statute, § 32-7-23, Ala. Code 1975, under the rationale of this Court's recent holding in Ex parte Carlton,867 So.2d 332 (Ala. 2003). The trial court denied Continental and Progressive's motion for a summary judgment and certified the denial of the motion for an interlocutory appeal. This Court granted the petition for permission to appeal.
 Standard of Review
An order granting or denying a summary judgment is reviewed de novo, applying the same standard as the trial court applied.American Gen. Life Accident Ins. Co. v. Underwood,886 So.2d 807, 811 (Ala. 2004). In addition, "[t]his *Page 1035 
court reviews de novo a trial court's interpretation of a statute, because only a question of law is presented." ScottBridge Co. v. Wright, 883 So.2d 1221, 1223 (Ala. 2003). Where, as here, the facts of a case are essentially undisputed, this Court must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review.Carter v. City of Haleyville, 669 So.2d 812, 815 (Ala. 1995). Here, in reviewing the denial of a summary judgment when the facts are undisputed, we review de novo the trial court's interpretation of statutory language and our previous caselaw on a controlling question of law.
 Issue
The controlling question of law before this Court, as stated by the circuit court in its Rule 5(a), Ala.R.App.P., certification, is as follows:
 "Whether Ala. Code [1975,] § 6-5-462[,] and the interpretation by the Supreme Court of Alabama in Ex parte Carlton, 867 So.2d 332 (Ala. 2003)[,] of the requirement in Ala. Code [1975,] § 32-7-23(a)[,] that persons insured thereunder be `legally entitled to recover damages' bar the Estate of a deceased from maintaining an action for uninsured motorists (UM) benefits against uninsured motorists carriers when the decedent filed no personal injury action against the alleged tortfeasor prior to her death from an unrelated cause."
We hold that Fields, as personal representative of Tamms's estate, cannot recover UM benefits under the Continental policy or the Progressive policy because she cannot establish that the estate is "legally entitled to recover damages" against the uninsured motorist,[2] a condition precedent to the recovery of UM benefits under Alabama's uninsured-motorist statute.
 Analysis
In answering the controlling question of law presented by this case, we focus, as we did in Carlton, on the plain and unambiguous language of Alabama's uninsured-motorist statute. The statute provides, in pertinent part:
 "No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered . . . unless coverage is provided . . ., in limits for bodily injury or death . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. . . ."
Ala. Code 1975, § 32-7-23 (emphasis added).
In Carlton, this Court stated that the phrase "legally entitled to recover" in the uninsured-motorist statute means that *Page 1036 
"`[i]n a direct action by the insured against the insurer, the insured has the burden of proving . . . that the other motorist was uninsured, legally liable for damage to the insured, and the amount of this liability.'" Carlton, 867 So.2d at 334
(quoting State Farm Mut. Auto. Ins. Co. v. Griffin,51 Ala.App. 426, 431, 286 So.2d 302, 306 (1973)) (emphasis added). InCarlton, this Court addressed the issue whether an insured was legally entitled to recover UM benefits under the uninsured motorist statute when the uninsured motorist had a complete defense, unrelated to any wrongdoing by the uninsured motorist, to the insured's personal-injury claim. This Court concluded that an employee, injured in a motor-vehicle accident while acting in the scope of his employment, who was barred by the exclusivity-of-remedy provision in the Workers' Compensation Act from recovering against a co-employee based on negligence, was not entitled to UM benefits. 867 So.2d at 338.
With our holding in Carlton, we overruled a series of cases in which we had created exceptions to the uninsured-motorist statute and had allowed the recovery of UM benefits even when the uninsured motorist had a defense to recovery and the insured was not "legally entitled to recover damages" from the uninsured motorist as required by the statute.
Carlton explicitly overruled State Farm Automobile InsuranceCo. v. Baldwin, 470 So.2d 1230 (Ala. 1985) (holding that a member of the armed services may recover UM benefits for injuries sustained in a collision with a uninsured vehicle driven by an civil employee of the federal government regardless of the fact that Baldwin was otherwise prohibited from recovering against the uninsured motorist as a result of governmental immunity); StateFarm Mutual Automobile Insurance Co. v. Jeffers, 686 So.2d 248
(Ala. 1996) (holding that a citizen may recover UM benefits for injuries sustained in a collision with a police vehicle despite the fact that the vehicle was covered by an insurance policy under the rationale that because the police officer driver was protected from liability by substantive immunity, he was, in effect, uninsured); and Hogan v. State Farm Mutual AutomobileInsurance Co., 730 So.2d 1157 (Ala. 1998) (holding that a passenger may recover UM benefits for injuries sustained in an automobile accident where she was precluded from suing the negligent driver, who was insured, under Alabama's guest statute).
Our decision in Carlton was based on the rationale that Carlton was not "legally entitled to recover" under the uninsured-motorist statute because Carlton's cause of action was barred by the Workers' Compensation Act, which provided the exclusive remedy. Carlton, 867 So.2d at 338. We held that Carlton could not carry his burden of proof under the uninsured-motorist statute; Carlton could not prove that his co-employee was legally liable to him for damages because the co-employee had a defense provided by the exclusivity-of-remedy provision in the Workers' Compensation Act. 867 So.2d at 338. In so holding, this Court quoted with approval Justice Lyons's dissent in Hogan:
 "`I believe that whether an insured is "legally entitled to recover" depends entirely on the merits of the insured's claim against a tortfeasor under the laws of the state. However, today's decision, like Baldwin and Jeffers, has construed that phrase to mean "legally entitled to recover but for a defense that does not arise out of any wrongful conduct of the insured," a defense such as immunity or an insured's status as a guest.'"
867 So.2d at 337. In overruling Hogan, Baldwin, and Jeffers, this Court rejected the judicial altering of the clear meaning of *Page 1037 
the uninsured-motorist statute and "return[ed] to the point from which this Court never should have departed — the language of the statute." 867 So.2d at 337.
We base our decision in the present case on the plain language of Ala. Code 1975, § 32-7-23, and the clearly stated rationale inCarlton. Under Carlton, Fields's claim against Continental and Progressive depends entirely on the merits of the claim against Coultas, the uninsured motorist. In Carlton, the exclusivity-of-remedy provision in the Workers' Compensation Act prevented Carlton from proceeding against the negligent uninsured motorist because the provision precluded any other recovery and provided a defense for the negligent co-employee. In the same manner, the laws of this State, which provide that a tort action does not survive the death of the injured party, preclude Fields, the personal representative of Tamms's estate, from proceeding against the allegedly negligent uninsured motorist.
As a general rule, causes of action in tort do not survive in favor of the personal representative of the deceased. Wynn v.Tallapoosa County Bank, 168 Ala. 469, 490, 53 So. 228, 237
(1910) (at common law, the cause of action died with the person);City of Birmingham v. Walker, 267 Ala. 150, 160, 101 So.2d 250,259 (1958) (it is well settled that, in absence of a statute, a personal cause of action in tort does not survive). Alabama's statutory law dealing with the survival of causes of action is found at Ala. Code 1975, § 6-5-462, which provides:
 "In all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal claims upon which no action has been filed survive against the personal representative of a deceased tortfeasor."
This statute did not change the common-law rule in Alabama that a cause of action in tort does not survive in favor of the personal representative of the deceased. Malcolm v. King, 686 So.2d 231,236 (Ala. 1996) (under § 6-5-462, "an unfiled tort claim will generally not survive the death of the person with the claim").
Causes of action in contract, however, do survive the death of the claimant under Ala. Code 1975, § 6-5-462. Benefield v.Aquaslide `N' Dive Corp., 406 So.2d 873, 875 (Ala. 1981) ("A contract action pursuant to § 6-5-462 survives in favor of the personal representative regardless of whether the decedent filed the action before his death."). Because the cause of action asserted in this case under the uninsured-motorist statute is contractual, State Farm Mut. Auto. Ins. Co. v. Griffin,51 Ala.App. 426, 286 So.2d 302, 307 (1973), Fields asserts that Tamms's cause of action seeking UM benefits survives her death.
We agree that Tamms's contractual cause of action survives her death; the fact that her cause of action survives does not, however, answer the ultimate question of whether her estate is "legally entitled to recover" under the uninsured-motorist statute. To satisfy this condition precedent to recovery, Fields, as Tamms's personal representative, must establish that the uninsured motorist, Coultas, is legally liable to the estate for damages. Fields cannot meet this burden. The failure of Tamms's tort cause of action to survive her death provides a complete defense for the uninsured motorist, Coultas, against an action filed by Tamms's estate after her death. As a result, the insured is not "legally entitled to recover" from the uninsured *Page 1038 
motorist through her estate, and under the plain language of the uninsured-motorist statute as interpreted in Carlton, Tamms's estate is not entitled to UM benefits under the Continental policy or the Progressive policy.
Fields argues that this case is distinguishable from Carlton
and the cases we overruled in Carlton because, she argues, Tamms could have sued and recovered from the uninsured motorist in tort before her death. Thus, Fields asserts, this Court should allow Tamms's estate to recover under the uninsured-motorist statute, notwithstanding the fact that the estate cannot recover directly from the uninsured motorist. In effect, Fields asks us to create a new exception to the plain language of the uninsured-motorist statute, which requires the insured to be "legally entitled to recover" from the uninsured motorist. Fields, as personal representative of Tamms's estate, is not legally entitled to recover from the uninsured motorist. The uninsured-motorist statute carves out no exception for causes of action that may have been viable at one time but that are barred by a defense at the time they are filed.
In Carlton, we overruled cases that "carved out judicial exceptions to the legislative determination that an insured could recover uninsured-motorist benefits only when the insured was legally entitled to recover from the uninsured motorist."Carlton, 867 So.2d at 336. Today, proceeding under Carlton, we refuse to return to the days of judicially created exceptions to the plain language of the uninsured-motorist statute.
Accordingly, we reverse the order denying Continental and Progressive's summary-judgment motion and remand the case for the trial court to enter a summary judgment for Continental and Progressive.
REVERSED AND REMANDED WITH INSTRUCTIONS.
SEE, STUART, and BOLIN, JJ., concur.
HARWOOD, J., concurs specially.
[1] Based on the record before us, it appears that at the time of the 2001 accident, Tamms was insured both by Continental and by Progressive and that her policies provided for UM benefits. Although the exact language of the insurance policies is not in the record, the policies are required directly or indirectly to incorporate the language and requirements of Alabama's uninsured-motorist statute. This Court has stated that "Section32-7-23[, Ala. Code 1975,] must be read into every motor-vehicle liability policy as fully as if stated in the policy itself."State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 812
(Ala. 2005). Therefore, the Alabama uninsured-motorist statute and all of its provisions were terms of the insurance contracts between Tamms and Continental and Tamms and Progressive.
[2] Under Ala. Code 1975, § 32-7-23(b),
 "[t]he term `uninsured motor vehicle' shall include, but is not limited to, motor vehicles with respect to which:
 "(1) Neither the owner nor the operator carries bodily injury liability insurance;
 "(2) Any applicable policy liability limits for bodily injury are below the minimum required under Section 32-7-6;
 "(3) The insurer becomes insolvent after the policy is issued so there is no insurance applicable to, or at the time of, the accident; and
 "(4) The sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which the injured person is legally entitled to recover."