982 So.2d 507 (2007)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Preston MASON.
2050488.
Court of Civil Appeals of Alabama.
January 12, 2007.
J. Michael Tanner of Hall & Tanner, P.C., Tuscumbia, for appellant.
Jennifer L. McKown, Ralph W. Hornsby, Jr., and Jeffrey G. Blackwell of Hornsby, Watson, Hornsby & Blackwell, Huntsville, for appellee.
PER CURIAM.
On March 26, 2003, Preston Mason sued State Farm Mutual Automobile Insurance Company, seeking benefits under the uninsured-motorist ("UM") provisions of two automobile-liability policies that State Farm had issued to Mason's wife, with each policy providing UM coverage in the amount of $20,000. Mason alleged that he had sustained bodily injury in a motor-vehicle accident on March 27, 2001,[1] as a *508 proximate result of the negligence of an uninsured motorist. State Farm answered, admitting that Mason was an insured under the policies but denying that Mason was entitled to recover UM benefits, alleging, among other things, that the complaint was barred by the applicable statute of limitations.
State Farm moved for a summary judgment, alleging that because the motor-vehicle collision made the basis of the complaint occurred on March 20, 2001, and Mason's complaint was not filed until March 26, 2003, the complaint was barred by the two-year statutory limitations period set out in § 6-2-38(l), Ala.Code 1975. State Farm's brief in support of its summary-judgment motion noted that the North Carolina Supreme Court, in Brown v. Lumbermens Mutual Casualty Co., 285 N.C. 313, 204 S.E.2d 829 (1974), had held that a limitations defense available to an uninsured motorist should, as a matter of law, be available to an insurer defending against a claim for UM benefits based upon conduct of that motorist and should, in an appropriate case, bar such a claim. The trial court denied State Farm's summary-judgment motion.
The case was then tried to a jury. At the close of Mason's case and again at the close of all the evidence, State Farm orally moved[2] for a judgment as a matter of law ("JML") on the same grounds as those stated in its summary-judgment motion; the trial court denied both motions. The jury returned a verdict in favor of Mason and assessed damages in the amount of $40,968.30; the trial court entered a judgment on that verdict. State Farm filed postjudgment motions in which it sought to reduce the judgment to $40,000, the total amount of the applicable UM coverage, and to renew its motion for a JML, pursuant to Rule 50(b), Ala. R. Civ. P., again asserting that Mason's action was time-barred. The trial court did not rule on either motion within 90 days, and, pursuant to Rule 59.1, Ala. R. Civ. P., the motions were therefore deemed denied by operation of law. State Farm filed a timely notice of appeal.

Standard of Review
Our standard of review is that enunciated in Bayles v. Marriott, 816 So.2d 38 (Ala.Civ.App.2001):
"When reviewing a ruling on a motion for JML, [an appellate court] uses the same standard the trial court used initially in granting or denying a JML. Regarding questions of fact, the ultimate question is whether the nonmovant has presented sufficient evidence to allow the case or the issue to be submitted to the jury for a factual resolution. For actions filed after June 11, 1987, the nonmovant must present substantial evidence in order to withstand a motion for JML. A reviewing court must determine whether the party who bears the burden of proof has produced substantial evidence creating a factual dispute requiring resolution by a jury. In reviewing a motion for JML, [an appellate court] views the evidence in the light most favorable to the nonmovant and entertains *509 such reasonable inferences as the jury would have been free to draw."
816 So.2d at 40 (internal quotation marks omitted). However, we review de novo the legal issue whether Mason's claim was timely. See Dennis v. Northcutt, 887 So.2d 219, 220 (Ala.2004).

Analysis
Our legislature has mandated that every insurer in this state must offer UM coverage in its automobile-liability insurance policies "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." Ala. Code 1975, § 32-7-23(a) (emphasis added). State Farm argues that Mason was not "legally entitled to recover" damages from the owner or operator of the uninsured motor vehicle at issue in this case. State Farm posits that at the time Mason sued State Farm, an action brought directly against the owner or operator of the uninsured motor vehicle involved in the collision at issue would have been barred under § 6-2-38(l), Ala.Code 1975, because it would have been filed more than two years after the collision; therefore, State Farm says, Mason was not entitled to recover UM benefits from State Farm under its policy. State Farm's argument thus requires us to consider an issue not previously squarely addressed by Alabama statutes or caselaw: whether the tort statute of limitations is a defense that may be asserted by the insurer as a defense to its insured's claim for UM benefits. Our response to that issue must be derived from the related question of what it means to be "legally entitled to recover" damages from an uninsured motorist as that term is used in § 32-7-23(a).
At one time, this court opined that the words "legally entitled to recover damages" meant simply that "the insured must be able to establish fault on the part of the uninsured motorist . . . and must be able to prove the extent of [the insured's] damages." State Farm Mut. Auto. Ins. Co. v. Griffin, 51 Ala.App. 426, 431, 286 So.2d 302, 306 (Civ.1973). That gloss on the meaning of § 32-7-23(a) was later quoted by our Supreme Court in Quick v. State Farm Mutual Automobile Insurance Co., 429 So.2d 1033, 1035 (Ala.1983), and it was thereafter invoked to support the position that a defense that was personal to the uninsured motorist could not be asserted by a UM insurance carrier in defense of a claim for UM benefits. See State Farm Auto. Ins. Co. v. Baldwin, 470 So.2d 1230, 1234 (Ala.1985) (holding that insureds were "legally entitled to recover damages" within the meaning of § 32-7-23 "regardless of the fact that [the operator] is otherwise prohibited from such recovery"). Baldwin, in turn, was followed in State Farm Mutual Automobile Insurance Co. v. Jeffers, 686 So.2d 248, 250 (Ala.1996), in which it was held that even though a tortfeasor was entitled to substantive immunity from liability on a claim brought by a motorist and her husband, the motorist and her husband could recover UM benefits from their UM insurance carrier, and in Hogan v. State Farm Mutual Automobile Insurance Co., 730 So.2d 1157, 1159 (Ala.1998), in which it was held that a guest in an automobile who was barred by law from recovering damages from the uninsured driver of that automobile based upon the negligence of that driver was nevertheless "legally entitled to recover damages" and could seek recovery from the guest's UM insurance carrier.
However, Baldwin, Jeffers, and Hogan were all overruled by the Alabama Supreme Court in Ex parte Carlton, 867 So.2d 332 (Ala.2003). In Carlton, the Supreme Court opined that former cases had improperly "carved out judicial exceptions to the legislative determination that an *510 insured could recover uninsured-motorist benefits only when the insured was legally entitled to recover from the uninsured motorist" (867 So.2d at 336), and Carlton quoted with approval from Justice Lyons's dissent in Hogan, 730 So.2d at 1159, in which he had opined that "`whether an insured is "legally entitled to recover" depends entirely on the merits of the insured's claim against a tortfeasor under the laws of the state'" (867 So.2d at 337). Carlton held that because a passenger in a vehicle driven by his co-employee could not recover from the driver in tort under immunity provisions of the Alabama Workers' Compensation Act, that passenger was not "legally entitled to recover" damages under § 32-7-23(a) so as to permit a claim against the passenger's UM insurance carrier.
Carlton represented a stricter interpretation of the plain language of § 32-7-23(a), one that was followed in Continental National Indemnity Co. v. Fields, 926 So.2d 1033 (Ala.2005). In Fields, an insured driver who had been injured when her vehicle was struck by a vehicle operated by an uninsured motorist died from a cause unrelated to the collision; during her lifetime, the driver did not sue the uninsured motorist. The personal representative of the driver's estate later sued two insurers that had provided the driver with UM insurance coverage. Those insurers moved for a summary judgment in their favor on the basis that the driver's cause of action against the uninsured motorist had not survived her death and, therefore, that her estate was not "legally entitled to recover" UM benefits.
Although the trial court denied the insurers' motion, the Alabama Supreme Court reversed that order on the authority of Carlton, holding that because an unfiled tort claim does not survive the death of the injured person entitled to assert the claim, see § 6-5-462, Ala.Code 1975, the estate was not legally entitled to recover UM benefits. The Alabama Supreme Court opined that the personal representative's claim for UM insurance benefits depended "entirely on the merits of the claim against . . . the uninsured motorist" and that "[t]he failure of [the driver's] tort cause of action to survive her death provides a complete defense for the uninsured motorist . . . against an action filed by [her] estate after her death." 926 So.2d at 1036, 1037 (emphasis added). Notably, the Alabama Supreme Court further opined that § 32-7-23(a) "carves out no exception for causes of action that may have been viable at one time but that are barred by a defense at the time they are filed." 926 So.2d at 1037.
The Alabama Supreme Court's espousal of a literal interpretation of the term "legally entitled to recover" is consistent with an interpretation that a condition precedent to recovery has been legislatively imposed: an insured must possess an actionable claim against an uninsured motorist before proceeding against his or her UM carrier. Conversely, under Carlton and Fields, if an insured's cause of action against the uninsured motorist is subject to a legal bar, such as a statute allowing tort actions against co-employee tortfeasors based only upon willful acts or omissions (see § 25-5-11(b), Ala.Code 1975) or a statute providing that unfiled tort claims do not survive the death of the injured party (see § 6-5-462, Ala.Code 1975), the insured does not have an actionable claim against an uninsured motorist such that a claim may properly be made against a UM insurance carrier based upon that conduct. Accord Singleton v. Burchfield, 362 F.Supp.2d 1291, 1296 (M.D.Ala.2005) (dismissing claims for UM benefits against insurer because federal statute immunized alleged uninsured motorist from liability to insured).
*511 The Alabama Supreme Court's holdings in Carlton and Fields lead us to the conclusion that Mason, at the time he brought this action against his UM insurance carrier, was not "legally entitled to recover" damages against the uninsured motorist directly responsible for his injuries. Stated another way, the "merits of [Mason's] claim against . . . the uninsured motorist" would have been due to be adjudicated in that motorist's favor because of the lapse of time in asserting them. Just as the insured in Fields sealed the fate of her estate's subsequent UM insurance claim by allowing her tort cause of action to die with her, Mason in this case has defeated his right to recover UM insurance benefits because he has defeated his right to recover damages from the uninsured motorist.
The proposition that we glean from Carlton and Fields  that an insured's "legal right to recover" is wholly dependent upon the viability of an action against an uninsured motorist  is, admittedly, consistent with the minority rule in this area of law, a rule that is perhaps most emphatically stated by the North Carolina Supreme Court in Brown:
"To be `legally entitled to recover damages' a plaintiff must not only have a cause of action but a remedy by which he can reduce his right to damages to judgment. Today, `it is the consensus of the authorities that the defense of the statute of limitations stands upon the same place as any other legal defense.' In this jurisdiction a plea of the statute of limitations is a plea in bar `sufficient to destroy the plaintiff's action.' When established by proof, it defeats and destroys the action altogether.
"Plaintiff's right to recover against his intestate's insurer under the uninsured motorist endorsement is derivative and conditional. Unless he is `legally entitled to recover damages' for the wrongful death of his intestate from the uninsured motorist the contract upon which he sues precludes him from recovering against defendant. It is manifest, therefore, that despite the contractual relation between plaintiff insured and defendant insurer, this action is actually one for the tort allegedly committed by the uninsured motorist. Any defense available to the uninsured tort-feasor should be available to the insurer. The argument that a plea of the statute of limitations is personal to the tort-feasor and not available to the insurance company flies in the face of the policy.
"With all deference to the . . . courts which have taken the opposite view, it is our opinion that when defendant undertook `to pay all sums which the insured or his legal representatives shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of (a) bodily injury, sickness or disease, including death resulting therefrom. . . .' it assumed liability [o]nly for damages for which plaintiff could recover judgment in a court of law in an action against the uninsured motorist. At the time this action was instituted plaintiff could have recovered no damages from the hit-and-run motorist because his action was barred by the statute of limitations."
285 N.C. at 319-20, 204 S.E.2d at 833-34 (citations omitted).
To be sure, a strict interpretation of the phrase "legally entitled to recover" may be subject to criticism. See Kristen P. Sosnosky, "Reconciling North Carolina's Interpretation of `Legally Entitled to Recover' with the Spirit of the Uninsured Motorist Statute: the Lessons of Grimsley v. Nelson," 73 N.C. L.Rev. 2474 (1995). However, whether a more liberal interpretation of that phrase should again be espoused by *512 our Supreme Court (as in the now-overruled Baldwin, Jeffers, and Hogan) is a matter for that court, not this court, to determine. See § 12-3-16, Ala.Code 1975 (decisions of the Alabama Supreme Court bind the courts of appeals of Alabama).
The trial court erred in denying State Farm's JML motions. We reverse the judgment of the trial court and remand the case for the entry of a judgment in favor of State Farm. Based upon our holding, we pretermit consideration of whether the trial court erred in failing to reduce the damages award in this case.
REVERSED AND REMANDED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs specially.
CRAWLEY, P.J., dissents from the rationale and concurs in the judgment in part, with writing.
MURDOCK, Judge, concurring specially.
I concur in the main opinion. I write separately to respond to Presiding Judge Crawley's separate writing.
First, I believe Presiding Judge Crawley's separate writing misplaces emphasis on the proposition that the "overwhelming weight of authority supports the view that `[a]n action . . . [an uninsured/underinsured-motorist] carrier is subject to the limitation period applicable to contract actions.'" 982 So.2d at 513-14. While I agree with this "view," it is a view that looks to a different question than the one presented here. The question of what statute of limitations is applicable to a contractual claim for uninsured-motorist benefits is a different question than whether a substantive element of that contractual claim  namely, the requirement that the claimant be "legally entitled to recover damages" from the uninsured motorist  can be satisfied when the limitations period for the underlying tort action against the uninsured motorist has expired. I agree with the main opinion that the substantive, "legally-entitled-to-recover" element generally cannot be satisfied when the limitations period for the underlying tort action has expired. That does not prevent the longer six-year limitations period applicable to contract actions from being applicable to a claim for uninsured-motorist benefits arising, as it does, from a contract. See 9 Couch on Insurance 3d § 123:17 ("Particular circumstances as affecting legal right to recover  Statute of limitations defense of uninsured motorist").[3]
Consistent with the main opinion's sound analysis of the "legally-entitled-to-recover" issue, significant policy concerns support the main opinion's holding. Among other things, a different holding would have adverse implications for the insurer's ability to vindicate its bargained-for subrogation rights. Moreover, I see no reason why a bar of the insured's claim against a tortfeasor on the basis of affirmative defenses, such as laches, estoppel, and the statute of limitations, should be any less available to an uninsured- or underinsured-motorist carrier as a basis for concluding that the insured is not legally entitled to recover against the tortfeasor than they would be to the tortfeasor himself. The policies underlying the law's provision of the defense of the statute of limitations to a tortfeasor *513 (e.g., concern for failure of witnesses' memories and loss of documents or other exhibits) are no less applicable to an uninsured-motorist carrier, who essentially must stand in the shoes of the tortfeasor in defending against the insured's action. As the North Carolina Supreme Court in Brown v. Lumbermens Mutual Casualty Co., 285 N.C. 313, 319, 204 S.E.2d 829, 834 (1974), stated:
"Despite the contractual relation between plaintiff insured and defendant insurer, this [claim for uninsured-motorist benefits] is actually one for the tort allegedly committed by the uninsured motorist. Any defense available to the uninsured tortfeasor should be available to the insurer."[4]
The main opinion notes that "whether an insured is `legally entitled to recover' depends entirely on the merits of the insured's claim against a tortfeasor under the laws of the state." See Hogan v. State Farm Mut. Auto. Ins. Co., 730 So.2d 1157, 1159 (Ala.1998) (Lyons, J., dissenting with an opinion in which See, J., concurred) (cited with approval in Ex parte Carlton, 867 So.2d 332 (Ala.2003)) (emphasis added). In "response," Presiding Judge Crawley asserts that the "merits" of an insured's claim are limited to those affirmative elements that must be established by the insured, i.e., the fault of the uninsured motorist, damages, and the extent of those damages. I disagree with this assertion; the "merits" of a plaintiff's claim depend not only upon proof of the elements of the cause of action or theory of recovery asserted by the plaintiff, but also upon the "merits" of any affirmative defenses asserted in response by a defendant.
Finally, I note that I am not persuaded as to the validity, or at least the import for purposes of the present case, of the implications Presiding Judge Crawley draws from Justice Harwood's special writing in Continental National Indemnity Co. v. Fields, 926 So.2d 1033 (Ala.2005).
CRAWLEY, Presiding Judge, dissenting from the rationale and concurring in the judgment in part.
I respectfully dissent from the reversal of the judgment in favor of Preston Mason insofar as it relates to State Farm Mutual Automobile Insurance Company's liability to pay uninsured-motorist ("UM") benefits. I would, however, vacate the award of damages in the amount of $40,968.30 and remand the cause to the trial court with instructions to reduce the award to the policy limits of $40,000.
By holding that Mason was not "legally entitled to recover" UM benefits from State Farm because Mason did not sue State Farm within the tort statute of limitations, this court's per curiam opinion has both departed from the rule applied by the vast majority of American jurisdictions and misconstrued Alabama precedent. The overwhelming weight of authority supports *514 the view that "[a]n action by insured against [an uninsured/underinsured-motorist] carrier is subject to the limitation period applicable to contract actions, not the limitation period applicable to personal injury actions." 9 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 123:17 at 123-37 (2005). See generally A.S. Klein, Annot., Automobile Insurance: Time Limitations as to Claims Based on Uninsured Motorist Clause, 28 A.L.R.3d 580 (1969).
"Appellate court decisions almost universally hold that in the absence of any provision in the insurance policy coverage terms, a claim for uninsured motorist insurance benefits is a contractual right and, therefore, the contract statute of limitations applies."
Alan I. Widiss & Jeffrey E. Thomas, Uninsured and Underinsured Motorist Insurance § 7.7 at 388 (rev.3d ed.2005).[5] State Farm acknowledges that the majority rule calls for the application of the contract statute of limitations, but, it asserts, the reasoning of the courts that apply the minority rule is more sound and more in accord with recent decisions of our supreme court regarding the meaning of the language "legally entitled to recover" in the UM statute.
In Ex parte Carlton, 867 So.2d 332, 337 (Ala.2003), the supreme court cited with approval the following portion of Justice Lyons's dissenting opinion in Hogan v. State Farm Mutual Automobile Insurance. Co., 730 So.2d 1157, 1159 (1998):

*515 "[W]hether an insured is `legally entitled to recover' depends entirely on the merits of the insured's claim against a tortfeasor under the laws of the state."
(Emphasis added.) Over 30 years ago, in State Farm Mutual Automobile Insurance Co. v. Griffin, 51 Ala.App. 426, 286 So.2d 302 (Civ.1973), this court set out the elements (and thus delineated what were the "merits") of an insured's claim for UM benefits. Discussing the meaning of the words "legally entitled to recover damages," the court said:
"[T]he words, `legally entitled to recover damages,' mean . . . that the insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages, and must be able to prove the extent of those damages. In a direct action by the insured against the insurer, the insured has the burden of proving in this regard that the other motorist was uninsured, legally liable for damage to the insured, and the amount of this liability. Note that the insurer would have available, in addition to policy defenses, the substantive defenses that would have been available to the uninsured motorist. See Winner v. Ratzlaff, [211 Kan. 59, 505 P.2d 606 (1973)]; Application of Travelers Indemnity Company, Sup., 226 N.Y.S.2d 16; Cox, Uninsured Motorist Coverage, 34 Mo. L.Rev. 1, 34 (1969)."
51 Ala.App. at 431, 286 So.2d at 306 (emphasis added). In Sahloff v. Western Casualty & Surety Co., 45 Wis.2d 60, 171 N.W.2d 914 (1969), the court stated:
"[T]he phrase `legally entitled to recover' raises the question of whether the insured needs to have only a cause of action against the uninsured motorist or whether his claim must also be enforceable at the time of his suit against his insurer. We think the phrase was used only to keep the fault principle as the basis for recovery against the insurer and deals with the question of whether the negligence of the uninsured motorist and the absence of contributory negligence is such as to allow the insured to recover."
45 Wis.2d at 68-69, 171 N.W.2d at 917. Because the "fault principle" is also the basis for recovery against an insurer in a case seeking UM benefits in Alabama, see, e.g., Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 560 (Ala.2005) (stating that to be "legally entitled to recover," the insured "`"must be able to establish fault on the part of the uninsured motorist, which gives rise to damages and must be able to prove the extent of those damages"'" (quoting LeFevre v. Westberry, 590 So.2d 154, 157 (Ala.1991)(quoting, in turn, Quick v. State Farm Mutual Auto. Ins. Co., 429 So.2d 1033, 1035 (Ala. 1983)))), I do not believe that the tort statute of limitations is a defense that may be asserted by the insurer against its insured.
The two jurisdictions that apply the minority rule are North Carolina and Georgia. In Brown v. Lumbermens Mutual Casualty Co., 285 N.C. 313, 204 S.E.2d 829 (1974), the North Carolina Supreme Court held that the insured's right to recover UM benefits from the insurer is derivative and conditional and that any defense that would have been available to the uninsured motorist is available to the insurer. The court explained:
"In our view it would indeed constitute `antics with semantics' to say that litigation with a stale tort claim, one against which the applicable statute of limitations has been specifically pleaded, remains `legally entitled to recover' when his remedy has been taken away! To be `legally entitled to recover damages' a plaintiff must not only have a cause of action but a remedy by which *516 he can reduce his right to damages to judgment."
285 N.C. at 319, 204 S.E.2d at 833. The court concluded:
It is manifest . . . that despite the contractual relation between plaintiff insured and defendant insurer, this action is actually one for the tort allegedly committed by the uninsured motorist. Any defense available to the uninsured tortfeasor should be available to the insurer."
285 N.C. at 319, 204 S.E.2d at 834.
I do not find the reasoning of Brown persuasive. First, Alabama courts have never accepted the proposition that, in order to recover UM benefits, the insured must have not only a right but also an enforceable remedy against the uninsured motorist. See, e.g., Walker v. GuideOne Specialty Mut. Ins. Co., 834 So.2d 769 (Ala.2002) (holding that the uncorroborated testimony of the insured can establish that he is "legally entitled to recover" from the driver of a "phantom" vehicle). Second, our decisions have never held that a claim seeking UM benefits "is actually one for the tort allegedly committed by the uninsured motorist." Id. Instead, our courts have viewed actions for UM benefits either as contract actions, see, e.g., Howard v. Alabama Farm Bureau Mut. Cas. Ins. Co., 373 So.2d 628, 629 (Ala. 1979), or as "unique," because they contain elements of both contract actions and tort actions, see Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165, 167 (Ala.1991). Third, Alabama courts have never held that "any defense" that is theoretically available to the uninsured motorist is also available to the insurer. Instead, our courts have stated that the insurer has available to it the "substantive defenses that would have been available to the uninsured motorist." State Farm Mutual Automobile Insurance Co. v. Griffin, 51 Ala. App. at 431, 286 So.2d at 306.[6]Accord Allstate Ins. Co. v. Boynton, 486 So.2d 552, 558-59 (Fla.1986) (holding that UM carriers are subrogated to any substantive defense that the tortfeasor may have been able to assert against the insured); Application of Travelers Indem. Co., 226 N.Y.S.2d 16, 18-19 (1962) (holding that "[an insurer] may . . . assert as defenses the non-negligence of the uninsured, the contributory negligence of the [insured], and the lack of resulting damage, all being matters of substantive law and legal defenses of the uninsured, [but it does not] . . . succeed[] to the rights of the uninsured motorist to interpose the latter's procedural defense of statute of limitations").
The Alabama Supreme Court has stated that the statute of limitations is generally considered a procedural rather than a substantive defense. See Etheredge v. Genie Indus., Inc., 632 So.2d 1324, 1326 (Ala. 1994) (stating that "`[b]y legal tradition, most statutes of limitation are deemed procedural rather than substantive'" (quoting Robert A. Leflar et al., American Conflicts Law 348 (1986))); Merriweather v. Alabama Dep't of Public Safety, 17 F.Supp.2d 1260, 1269 (M.D.Ala.1998)(stating that the statute of limitations is a procedural defense); Cofer v. Ensor, 473 So.2d 984, 987 (Ala.1985)(stating that a statute of limitations "is deemed to affect only the remedy and does not constitute part of the substantive right" (quoting *517 State Dep't of Revenue v. Lindsey, 343 So.2d 535, 537 (Ala.Civ.App.1977))).
In other jurisdictions, a procedural defense has been held to be personal to the uninsured tortfeasor. See, e.g., Booth v. Fireman's Fund Ins. Co., 253 La. 521, 529-30, 218 So.2d 580, 583-84 (1969) (stating that "[t]he ex delicto prescriptive period is personal to the tortfeasor and those who derive their status from him. . . . Sharing no interest in common and having no contractual or other relationship with the tortfeasor, the insurer cannot urge the defense of one year's prescription.").
"An insurer may assert as defenses to a claim under uninsured motorist coverage the nonnegligence of the uninsured, the contributory negligence of the insured, and the lack of damage to the insured, but it does not succeed to the right of the uninsured motorist to interpose the procedural defense of the statute of limitations."
12A Couch on Insurance 2d § 45:644 at 180-181 (M.Rhodes, rev. ed.1981)(quoted in State Farm Mut. Auto. Ins. Co. v. Maidment, 107 N.M. 568, 573, 761 P.2d 446, 451 (Ct.App.1988)) (footnotes omitted).
Distinguishing a statute of limitations from a statute of repose, the Alabama Supreme Court explained:
"`While a statute of limitations generally is procedural and extinguishes the remedy rather than the right, . . . repose is substantive and extinguishes both the remedy and the actual action.' 51 Am. Jur.2d Limitation of Actions § 32 (2000); see Boshell [v. Keith], 418 So.2d [89] at 92 [(Ala.1982)]; Oxford [v. Estes], 229 Ala. [606] at 611, 158 So. [534] at 538 [(1934)] (`It is not a presumption merely, but a rule of law, raising an absolute bar to ancient causes of action'); Green v. Dixon, 727 So.2d 781, 784 (Ala.1998) (`"statutes of limitations affect the remedy"') (quoting Odom v. Averett, 248 Ala. 289, 291, 27 So.2d 479, 480 (1946)); Jefferson County Sav. Bank v. Ben F. Barbour Plumbing & Elec. Co., 191 Ala. 238, 247, 68 So. 43, 46 (1915)('Statutes of limitation go to the remedy, not the rights of parties.'); Moore [v. Liberty Nat'l Ins. Co.], 108 F.Supp.2d [1266], at 1275 [(N.D.Ala. 2000)] (`While a statute of limitations is a procedural device that sets forth the time period within which an action is deemed to have accrued and that is capable of being waived or tolled, a rule of repose is substantive doctrine of the State, eliminating a cause of action, irrespective of its date of accrual.')."
Ex parte Liberty Nat'l Life Ins. Co., 825 So.2d 758, 765 (Ala.2002). Elsewhere, the court has distinguished statutes of limitation from "statutes of creation":
"`This Court has recognized . . . that a distinction exists between a true statute of limitations and a statute which creates a new right of action with an express restriction on the time within which an action may be brought to enforce the right.' Cofer v. Ensor, 473 So.2d 984, 987 (Ala.1985). The former is known as a statute of limitations, while the latter has been referred to by this Court as a `statute of creation.' Id.

"`In one [a statute of creation], the limitation [period] is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself. In the other [a statute of limitation], the limitation is deemed to affect only the remedy and does not constitute part of the substantive right.'
"Cofer, 473 So.2d at 987, quoting State Department of Revenue v. Lindsey, 343 So.2d 535, 537 (Ala.Civ.App.1977)."
*518 Etheredge v. Genie Indus., Inc., 632 So.2d 1324, 1326 (Ala.1994)(footnote omitted). With a "statute of creation,"
"[t]he key is that the right to recover depends upon the commencement of the action within the time limit set by the statute, and if that period of time is allowed to elapse without the institution of the action, the right of action is gone forever."
Ex parte B.W.C., 590 So.2d 279, 282 (Ala.1991)(holding that an action to set aside a final order of adoption "has as one of its constituent elements the requirement that the suit be begun within five years from the date of the final order"). "[T]he wrongful death statute, which provides a two-year limitations period, is a statute of creation, otherwise known as a nonclaim bar to recovery." Ogle v. Gordon 706 So.2d 707, 708 (Ala.1997).[7]
Based on the foregoing authorities, I do not believe that our supreme court would accept the rationale of the North Carolina decisions that apply a tort statute of limitations to UM claims.
In Georgia, the other jurisdiction that applies the minority rule, the insured is required, as a condition precedent to the right to recover under a UM policy, to file a tort action against the uninsured motorist. See Vaughn v. Collum, 236 Ga. 582, 583, 224 S.E.2d 416, 416 (1976). Consequently, Georgia courts hold that the expiration of the tort statute of limitations precludes a claim for UM coverage. In contrast, it has been settled law in Alabama for over 20 years that an insured need not obtain a judgment against an uninsured motorist as a condition precedent to recovery under the insured's UM policy. See Quick v. State Farm Auto. Ins. Co., 429 So.2d 1033, 1034 (Ala.1983)(adopting the reasoning of State Farm Mut. Auto. Ins. Co. v. Griffin, supra). Because the holdings of the North Carolina and Georgia decisions are not in accord with Alabama law, I cannot accept State Farm's argument that the minority rule is more sound than the majority rule on the statute-of-limitations question now before us.
Moreover, I believe that the per curiam opinion reads two recent decisions by our supreme court  Carlton, supra, and Continental National Indemnity Co. v. Fields, 926 So.2d 1033 (Ala.2005)  too broadly when it holds that "if an insured's cause of action against the uninsured motorist is subject to a legal bar, . . . the insured does not have an actionable claim against an uninsured motorist such that a claim may properly be made against a UM insurance carrier based upon that conduct." 982 So.2d at 510. In my judgment, Carlton and Fields are limited to the circumstance in which an insured's cause of action against the uninsured motorist is barred by a substantive limitation rather than a *519 personal defense or a procedural restriction.
In Fields, Lisa Gale Tamms was injured in 2001, when her vehicle was struck by a vehicle driven by an uninsured motorist. In 2002, Tamms died from a cause unrelated to the automobile accident. In 2003, Fields, the personal representative of Tamms's estate, sued two insurers that had issued policies providing Tamms with UM coverage. The insurers moved for a summary judgment, asserting that Tamms's tort cause of action against the uninsured motorist did not survive her death and, therefore, that Tamms's estate was not "legally entitled to recover" UM benefits. The trial court denied the motion and certified the interlocutory order as appropriate for appeal under Rule 5, Ala. R.App. P.
The supreme court reversed, holding that, because an unfiled tort claim does not survive the death of the person with the claim, see § 6-5-462, Ala.Code 1975; Malcolm v. King, 686 So.2d 231 (Ala.1996); Georgia Cas. & Sur. Co. v. White, 582 So.2d 487 (Ala.1991), the estate was not legally entitled to recover UM benefits. The court explained that "[t]he failure of Tamms's tort cause of action to survive her death provides a complete defense for the uninsured motorist . . . against an action filed by Tamms's estate after her death." 926 So.2d at 1037 (emphasis added).
Justice Harwood, concurring specially in Fields, pointed out that because the cause of action that accrued in Tamms's favor did not survive her death, Tamms's estate "never was legally entitled to recover damages from . . . the uninsured motorist." 926 So.2d at 1038. In other words, Justice Harwood explained, the estate was, "from its inception" without a right against the uninsured motorist. Id. (emphasis added). Compare Safeco Ins. Co. v. Barcom, 112 Wash.2d 575, 581, 773 P.2d 56, 59 (1989):
"Even if one were to ignore what some would term the artificial distinction between a substantive bar, such as sovereign immunity, and a personal defense, such as a statute of limitation, at no time was the insured . . . legally entitled to recovery from the tortfeasor."
Carlton (which overruled Hogan, supra, State Farm Mut. Auto. Ins. Co. v. Jeffers, 686 So.2d 248 (Ala.1996), and State Farm Auto. Ins. Co. v. Baldwin, 470 So.2d 1230 (Ala.1985)) involved a negligent coworker who was immune to suit because of the exclusivity and co-employee-immunity provisions of the Workers' Compensation Act, §§ 25-5-52, 25-5-53, and 25-5-11., Ala. Code 1975. Jeffers and Baldwin involved tortfeasors whose governmental immunity shielded them from liability; Hogan dealt with a tortfeasor who was not amenable to a negligence action because of the Guest Statute, § 32-1-3, Ala.Code 1975. In Healy v. Medlock, 861 So.2d 396, 399 (Ala. Civ.App.2002), this court characterized Hogan, Jeffers, and Baldwin as cases in which the uninsured motorist had a "substantive defense" to the plaintiff's negligence claim.
Focusing on the phrase "a complete defense," used by the main opinion in Fields, State Farm argues that if Mason had sued the uninsured motorist on the same date he sued State Farm, the statute of limitations, likewise, would have provided the uninsured motorist with "a complete defense." Fields, however, does not help State Farm, and Justice Harwood's special concurrence in that case indicates why it does not.
There is a distinction, Justice Harwood implies, between a defense to what might otherwise have been a viable claim on the one hand, and the absence ab initio of a claim, on the other hand. One legal commentator has classified the distinction as the difference between a "personal defense *520 or procedural restriction" and the nonexistence of a cause of action:
"[I]f . . . a cause of action is not created as a result of the tortfeasor's negligent conduct, the insured is not considered to be `legally entitled' within the contemplation of the policy, but if a cause of action is created, the insured is considered `legally entitled' although a personal defense or procedural restriction bars its enforcement."
2 Irvin E. Schermer, Automobile Liability Insurance 24.02 at 24-2 (rev.2d ed.1985) (quoted in Sayan v. United Servs. Auto. Ass'n, 43 Wash.App. 148, 152, 716 P.2d 895, 898 (1986)). Some courts have classified the distinction as the difference between an affirmative defense and a "substantive limitation." See, e.g., Oates v. Safeco Ins. Co. of America, 583 S.W.2d 713, 716-17 (Mo.1979) (citations omitted):
"[T]he insured is `legally entitled to recover' if his action is not barred by a substantive limitation at the time the action is brought against the uninsured motorist carrier and he can show (1) causal negligence or fault on the part of the uninsured motorist, (2) the absence of contributory negligence and (3) resulting damage to himself."
Fields, Carlton, Hogan, Jeffers, and Baldwin all involved what the Missouri court would call a "substantive limitation" on the insured's right to recover, or  as Professor Schermer would explain it  no cause of action was "created" for the insured as a result of the tortfeasor's negligent conduct, or  as Justice Harwood might say  the insured was, "from [the] inception," without a right against the uninsured motorist. Fields, Carlton, Hogan, Jeffers, and Baldwin stand for the proposition that an insurer may assert against its insured a substantive barrier to the insured's right to recover UM benefits because the existence of the substantive barrier means that the insured is not "legally entitled to recover" under the policy language. In contrast, asserting the bar of a statute of limitations does not go to the substantive merits of the insured's claim against the insurer.
NOTES
[1] The evidence indicated that the motor-vehicle accident actually occurred on March 20, 2001. On appeal, both parties agree that March 20, 2001, was the date of the accident.
[2] A motion for a JML "may be oral even though the better practice dictates a written motion for the sake of clarity and to prevent misunderstanding." See Pettway v. Pepsi Cola Bottling Co., 337 So.2d 757, 759 (Ala. 1976) (involving practice under former Rule 50, Ala. R. Civ. P., under which parties would move for a "directed verdict" during trial and would move for a "judgment notwithstanding the verdict" after a judgment had been entered on a verdict).
[3] The six-year limitations period would have room for operation in cases where the running of the limitations period against the tortfeasor had, for whatever reason, been tolled, where the tortfeasor was estopped in some manner from asserting the limitations defense, or where for any other reason the limitations defense was not available to the tortfeasor.
[4] As Presiding Judge Crawley states in his special writing, it is true that Alabama courts "have never held that a claim seeking UM benefits `is actually one for the tort allegedly committed by the uninsured motorist.'" 982 So.2d at 516 (quoting Lumbermens Mut. Cas. Co., 285 N.C. at 319, 204 S.E.2d at 834). By the same token, however, Alabama courts have not rejected the notion that a claim for uninsured-motorist benefits has characteristics of a tort claim. As our Supreme Court stated in Preferred Risk Mutual Insurance Co. v. Ryan, 589 So.2d 165, 167 (Ala.1991):

"[T]his Court has refrained from classifying actions for uninsured motorist benefits either as actions sounding in contract or as actions sounding in tort. Instead, we have recognized that such actions are unique and contain elements from both categories of actions. . . . "
(Emphasis added.)
[5] The following courts have decided the issue in favor of the contract statute of limitations: Transnational Ins. Co. v. Simmons, 19 Ariz. App. 354, 507 P.2d 693 (1973); Hettel v. Rye, 251 Ark. 868, 475 S.W.2d 536 (Ark.1972); Allstate Ins. Co. v. Spinelli, 443 A.2d 1286 (Del. 1982); Hartford Acc. & Indem. Co. v. Mason, 210 So.2d 474 (Fla.Dist.Ct.App.1968); Murphy v. United States Fidelity & Guar. Co., 120 Ill.App.3d 282, 75 Ill.Dec. 886, 458 N.E.2d 54 (1983); Ayers v. State Farm Mut. Auto. Ins. Co., 558 N.E.2d 831 (Ind.Ct.App. 1990); Lemrick v. Grinnell Mut. Reinsurance Co., 263 N.W.2d 714 (Iowa 1978); Van Hoozer v. Farmers Ins. Exchange, 219 Kan. 595, 549 P.2d 1354 (1976), superseded by statute on another ground, Kan. Stat. Ann. § 40-284(e), as recognized in Stemple v. Maryland Cas. Co., 144 P.3d 1273 (2006); Gordon v. Kentucky Farm Bureau Ins. Co., 914 S.W.2d 331 (Ky.1995); Booth v. Fireman's Fund Ins. Co., 253 La. 521, 218 So.2d 580 (1968), superseded by statute, La. Rev. Stats. § 9:5629 (West 1991); Reese v. State Farm Mut. Auto. Ins., 285 Md. 548, 403 A.2d 1229 (1979); Royal-Globe Ins. Co. v. Craven, 411 Mass. 629, 585 N.E.2d 315 (1992); Whitten v. Concord Gen. Mut. Ins. Co., 647 A.2d 808 (Me. 1994); Detroit Auto. Inter-Insurance Exchange v. Hafendorfer, 38 Mich.App. 709, 197 N.W.2d 155 (1972); Spira v. American Standard Ins. Co., 361 N.W.2d 454 (Minn.Ct.App. 1985); Lawler v. Government Employees Ins. Co., 569 So.2d 1151 (Miss.1990); Welch v. Automobile Club Inter-Insurance Exchange, 948 S.W.2d 718 (Mo.Ct.App.1997); Schrader v. Farmers Mut. Ins. Co., 259 Neb. 87, 608 N.W.2d 194 (2000); Selected Risks Ins. Co. v. Dierolf, 138 N.J.Super. 287, 350 A.2d 526 (1975); Ellis v. Cigna Prop. & Cas. Cos., 128 N.M. 54, 989 P.2d 429 (1999); DeLuca v. Motor Vehicle Acc. Indemnification Corp., 17 N.Y.2d 76, 268 N.Y.S.2d 289, 215 N.E.2d 482 (1966); Uptegraft v. Home Ins. Co., 662 P.2d 681 (Okla.1983); Kalhar v. Transamerica Ins. Co., 129 Or.App. 38, 877 P.2d 656 (1994); Boyle v. State Farm Mut. Auto. Ins. Co., 310 Pa.Super. 10, 456 A.2d 156 (1983); Pickering v. American Employees Ins. Co., 109 R.I. 143, 282 A.2d 584 (1971); Schleif v. Hardware Dealer's Mut. Fire Ins., 218 Tenn. 489, 404 S.W.2d 490 (1966); Franco v. Allstate Ins. Co., 505 S.W.2d 789 (Tex. 1974); Kauffman v. State Farm Mut. Auto. Ins. Co., 857 F.Supp. 23 (D.Vt.1994)(applying Vermont law); Safeco Ins. Co. v. Barcom, 112 Wash.2d 575, 773 P.2d 56 (1989); Jones v. Sanger, 204 W.Va. 333, 512 S.E.2d 590 (1998); and Sahloff v. Western Cas. & Sur. Co., 45 Wis.2d 60, 171 N.W.2d 914 (1969).

The North Carolina and Georgia courts have decided the issue in favor of the tort statute of limitations. See Brown v. Lumbermens Mut. Cas. Co., 285 N.C. 313, 204 S.E.2d 829 (1974), and Vaughn v. Collum, 236 Ga. 582, 224 S.E.2d 416 (1976).
[6] Griffin has never been questioned or limited by our supreme court. In fact, the supreme court quoted the Griffin definition of "legally entitled to recover" in Ex parte Carlton, 867 So.2d 332 (Ala.2003), a decision upon which the per curiam opinion relies, as well as in the more recent decisions in Johnson v. Coregis Insurance Co., 888 So.2d 1231, 1234-35 (Ala.2004), and Frazier v. St. Paul Insurance Co., 880 So.2d 406, 410 (Ala.2003).
[7] It is on this basis that the Indiana case cited by State Farm, Bocek v. Inter-Insurance Exchange, 175 Ind.App. 69, 369 N.E.2d 1093 (1977), is distinguishable. In Bocek, the Indiana Court of Appeals held that the two-year period applicable to wrongful-death actions, rather than the 10-year period applicable to contract actions, barred a claim by the insured's estate for UM benefits. The court explained that the wrongful-death statute fixing a time within which the action must be commenced was a "statute of creation" not a statute of limitations.

Cline v. Aetna Insurance Co., 317 F.Supp. 1229 (S.D.Ala. 1970), to which the Alabama Supreme Court referred in Preferred Risk Mutual Insurance Co. v. Ryan, 589 So.2d at 167 n. 2, was also a wrongful-death action. "It is well settled that the time limitation set out in § 6-5-410(d)[, Ala.Code 1975,] is part of the substantive cause of action. . . . The two-year period is not a limitation against the remedy only, because after two years the cause of action expires." Ex parte FMC Corp., 599 So.2d 592, 594 (Ala. 1992) (citations omitted).