WOODALL, Justice.
This Court granted State Farm Mutual Automobile Insurance Company (“State Farm”) permission to appeal from the denial of its motion to dismiss in an action for uninsured-motorist benefits filed against State Farm by several of its insureds, including Jennifer Bennett. See Rule 5, Ala. R.App. P. We affirm.
In March 2003, Bennett and the other insureds (hereinafter referred to collectively as “Bennett”) were involved in a motor-vehicle accident allegedly caused by the negligence of Roy Williams, an uninsured motorist. In September 2004, Bennett sued Williams and State Farm, seeking, in pertinent part, uninsured-motorist benefits under an automobile insurance policy issued by State Farm.
Bennett attempted to serve the summons and complaint upon Williams by certified mail, but it was returned to the circuit clerk’s office as “unclaimed.” In November 2004, the clerk notified Bennett’s counsel that failure to perfect ser *961 vice upon Williams could result in his dismissal as a defendant. Bennett made no further effort to serve Williams. Consequently, in April 2005, the trial court dismissed Williams as a defendant “without prejudice ... for lack of service.” State Farm and Bennett agree that the practical effect of the order was to dismiss Williams with prejudice, because, before the dismissal, the statute of limitations on Bennett’s tort claim had expired. See Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala.1987).
After Williams was dismissed, State Farm filed a motion to dismiss, claiming that the dismissal of Williams, the uninsured motorist, entitled it to a dismissal of Bennett’s uninsured-motorist claim. In support of its motion, State Farm made two arguments, which the trial court summarized as follows in its Rule 5(a) certification for an immediate permissive appeal:
“First, State Farm argues that by virtue of the expiration of the statute of limitations as to [Bennett’s] claims against Williams, [whom Bennett] elected to sue, [Bennett] will never be ‘legally entitled to recover damages’ from Williams, which is a condition precedent to the recovery of [uninsured-motorist] benefits under Alabama law. In other words, State Farm argues Williams’fs] statute of limitations defense is among the tortfeasor’s substantive defenses an insurer may assert to preclude [Bennett’s uninsured-motorist] claim, under the rationale of Ex parte Carlton, 867 So.2d 332 (Ala.2003), and its progeny, most recently Continental National Indemnity Company v. Fields, 926 So.2d 1033 (Ala.2005).
“Second, State Farm argues that under the holding of Healy v. Medlock, 861 So.2d 396 (Ala.Civ.App.2002), [Bennett’s] ‘procedural default’ in failing to perfect service upon Williams, the alleged uninsured motorist, which resulted in the dismissal of Williams also compels the dismissal of [Bennett’s uninsured-motorist] claim against State Farm.”
The trial court rejected State Farm’s arguments and denied its motion to dismiss. In its certification for immediate appeal, the trial court identified two controlling questions of law:
“1. Whether an uninsured-motorist insurer may assert the purported uninsured motorist’s statute of limitations defense to preclude a plaintiffs/insured’s claim for [uninsured-motorist] benefits, especially where the plaintiff/insured has elected to sue the uninsured motorist.
“2. Whether a ‘procedural default’ by the plaintiff/insured that results in the dismissal of the tort claims against a purported uninsured motorist also compels the dismissal of the claim for [uninsured-motorist] benefits against the uninsured-motorist insurer.”
To answer these questions of law, we must interpret Alabama’s uninsured-motorist statute, § 32-7-23, Ala.Code 1975. Thus, our review is de novo. “This Court reviews de novo a trial court’s interpretation of a statute, because only a question of law is presented.” Scott Bridge Co. v. Wright, 883 So.2d 1221, 1223 (Ala.2003). We answer both questions in the negative.
Certain principles . concerning uninsured-motorist claims are well established.
“Under Alabama law, a plaintiff may join as a defendant his uninsured-/un-derinsured-motorist carrier in an action against another motorist. Ex parte Boles, 720 So.2d 911, 914-15 (Ala.1998). The plaintiff is not required to first obtain a judgment against the uninsured/underinsured motorist. State Farm Fire & Cas. Co. v. Lambert, 291 *962 Ala. 645, 649, 285 So.2d 917, 919 (1973). Alabama’s uninsured-motorist statute, Ala.Code 1975, § 32-7-23, provides protection for ‘persons ... who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.’ Ala.Code 1975, § 32-7-23(a); see also Walker v. GuideOne Specialty Mut. Ins. Co., 834 So.2d 769, 772 (Ala.2002). For the [plaintiffs] to demonstrate that they are ‘legally entitled to recover’ damages under their policy, they ‘ “must be able to establish fault on the part of the uninsured motorist which gives rise to damages and must be able to prove the extent of those damages.”’ LeFevre v. Westberry, 590 So.2d 154, 157 (Ala.1991)(quoting Quick v. State Farm Mut. Auto. Ins. Co., 429 So.2d 1033, 1035 (Ala.1983)).”
Ex parte State Farm Mut. Auto. Ins. Co., 893 So.2d 1111, 1115 (Ala.2004). Also, as State Farm points out, “early Alabama cases recognized that in a direct action against an insurer for [uninsured-motorist] benefits ‘ “the insurer would have available, in addition to policy defenses, the substantive defenses that would have been available to the uninsured motorist.” ’ State Farm Auto. Ins. Co. v. Baldwin, 470 So.2d 1230, 1233 (Ala.1985)(quoting State Farm Mut. Auto. Ins. Co. v. Griffin, 51 Ala.App. 426, 431, 286 So.2d 302, 306 (1973)).” State Farm’s brief, at 19 (emphasis added).
As the trial court stated in its certification order, “State Farm argues Williams’[s] statute of limitations defense is among the tortfeasor’s substantive defenses an insurer may assert to preclude [Bennett’s uninsured-motorist] claim.” On appeal, although State Farm continues to insist that the statute-of-limitations defense is available to it, State Farm cites no authority indicating that the statute of limitations is a substantive defense. Consequently, this Court may disregard State Farm’s argument.
“[I]t is well settled that a failure to comply with the requirements of Rule 28(a)(10)[, Ala. R.App. P.,] requiring citation of authority in support of the arguments presented provides this Court with a basis for disregarding those arguments.” State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 822 (Ala.2005). We may do so because “ ‘it is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.’ ” Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003)(quoting Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).
We note further, however, that State Farm’s argument that the statute-of-limitations defense is a substantive defense appears to be without merit. This Court has stated that a true statute of limitations is considered a procedural, rather than a substantive, defense. See Etheredge v. Genie Indus., Inc., 632 So.2d 1324, 1326 (Ala.1994); Cofer v. Ensor, 473 So.2d 984, 987 (Ala.1985).
We have not overlooked the cases upon which State Farm primarily relies, namely, Ex parte Carlton, 867 So.2d 332 (Ala.2003), and Continental National Indemnity Co. v. Fields, 926 So.2d 1033 (Ala.2005). However, neither case supports State Farm’s argument in this case. Carlton merely confirmed that an uninsured-motorist insurer has available to it a substantive immunity defense that would be available to the uninsured motorist and overruled cases that had “held that there were certain substantive [immunity] defenses available to the uninsured motorists that were *963 not available to the insurers.” State Farm’s brief, at 19-20 (emphasis added).
As State Farm states, in Fields “this Court held that since under the survival statute (Ala. Code § 6-5-462) a deceased insured’s tort claim against an uninsured motorist did not survive her death, the deceased’s estate could not establish in a direct action against the [uninsured-motorist’s] insurers that it is ‘ “legally entitled to recover damages” against the uninsured motorist, a condition precedent to the recovery of [uninsured-motorist] benefits under Alabama’s uninsured-motorist statute.’ ” State Farm’s brief, at 21 (quoting Fields, 926 So.2d at 1035 (footnote omitted)). However, the application of a survival statute affects substantive rights, not mere procedural requirements. “ ‘[W]hile a statute of limitations is a period of repose designed, if asserted, to prevent recovery on stale claims, a survival statute gives life to a substantive right that but for the statute would have been destroyed.’ ” Keefe v. Glasford’s Enters., Inc., 248 Neb. 64, 68, 532 N.W.2d 626, 629 (1995)(quoting Van Pelt v. Greathouse, 219 Neb. 478, 484, 364 N.W.2d 14, 19 (1985)). See also Swindle v. Big River Broad. Corp., 905 S.W.2d 565, 568 (Tenn.Ct.App.1995). Cf. Ether-edge, supra (a statute creating a right is deemed substantive).
State Farm’s second argument, namely, that Bennett’s “ ‘procedural default’ in failing to perfect service upon Williams, the alleged uninsured motorist, which resulted in the dismissal of Williams also compels the dismissal of [Bennett’s uninsured-motorist] claim against State Farm,” is also without merit. In support of this argument, State Farm claims “that any defense available to the tortfeasor that precludes his ... liability to the plaintiff-insured also bars the insured’s claim for [uninsured-motorist] benefits.” State Farm’s reply brief, at 9-10. However, as previously explained, it is not “any defense” that is available to State Farm, only substantive defenses. Obviously, the alleged “procedural default” does not amount to a substantive defense. Further, it would be inconsistent to penalize the insured for actions taken in pursuing a claim against an uninsured motorist, when Alabama law does not require, as a prerequisite to the recovery of uninsured-motorist benefits, that the insured sue and obtain a judgment against the uninsured motorist. Ex parte State Farm, 893 So.2d at 1115 (citing State Farm Fire & Cas. Co. v. Lambert, 291 Ala. 645, 649, 285 So.2d 917, 919 (1973)).
For the foregoing reasons, we affirm the trial court’s order denying State Farm’s motion to dismiss Bennett’s uninsured-motorist claim.
AFFIRMED.
COBB, C.J., and SEE, SMITH, BOLIN, and PARKER, JJ., concur.
LYONS, J., concurs specially.
STUART and MURDOCK, JJ., concur in the result.